**COMMONWEALTH of Pennsylvania**

v.

**1992 CHEVROLET Seized from Theresa Hill Seized from Wali Shabazz**

**Appeal of Theresa Hill.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 7, 2003.

Decided Feb. 10, 2004.

Reargument En Banc Denied April 13, 2004.

Douglas P. Earl, Philadelphia, for appellant.

Jonathan M. Levy, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Theresa Hill[1] appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) denying her motion to vacate an order directing the forfeiture of a 1992 Chevrolet Lumina registered in her name (the Vehicle), pursuant to Sections 6801–02 of the Judicial Code, 42 Pa.C.S. §§ 6801–02, commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act). We vacate and remand.

On March 5, 2002, the Philadelphia Police Department seized the Vehicle and arrested its driver, Wali Shabass (or Shabazz). The police asserted that Mr. Shabass was arrested for selling narcotics from the vehicle. The Commonwealth of Pennsylvania (Commonwealth) filed a petition for forfeiture of the Vehicle, and the matter was first scheduled for hearing before the trial court on May 17, 2002. The case was continued to August 14, 2002, at which time Ms. Hill and her counsel refused a settlement offer from the Commonwealth. The matter was rescheduled for September 12, 2002. On that date, the trial court granted the Commonwealth's petition after noting that neither Ms. Hill nor her attorney appeared for the hearing.

---

1. Ms. Hill's first name is spelled either "Theresa" or "Teresa" in the record. A copy of the registration of the Vehicle, set forth in the record, spells Ms. Hill's first name "Theresa." The registration card (No. 1 of 2) has not been signed.

The Commonwealth attorney stated to the trial court that Ms. Hill had previously indicated that she was not willing to pay the costs for storing the Vehicle. No testimony was taken at the hearing.[2]

On September 16, 2002, Ms. Hill filed a motion to vacate the forfeiture order. At a hearing held two days later, Ms. Hill testified that her excuse for not appearing at the September 12 hearing was that she had just returned to work after a period of sick leave, and "couldn't make it." Notes of Testimony (N.T.), September 18, 2002, p. 3. She further testified that she called or tried to call her attorney "at the last minute" but "it was kind of hard." Id., p. 4. She did not call the courtroom, although she was aware of the scheduled hearing. She also testified that she was aware that Mr. Shabass had been arrested for drug violations while driving the Vehicle. She indicated, however, that she was unaware that he used the Vehicle for drug violations. She further testified that she was unaware that he was driving the Vehicle and that he should not have been driving the Vehicle. Ms. Hill did not elaborate further.

The trial court denied the motion to vacate, noting that her own testimony indicated that she did not call her attorney until the last minute and that she did not even "offer the ... minimal courtesy" of notifying the court. Trial Court Opinion, p. 2. The trial court concluded that Ms. Hill failed to provide a valid reason for missing the forfeiture hearing. This appeal followed.[3]

Ms. Hill argues that the trial court erred by refusing to grant her motion to vacate the order of forfeiture. Although we would agree with the trial court that Ms. Hill did not present sufficient evidence regarding her failure to appear at the September 12, 2002 hearing, we must conclude that the trial court's forfeiture order must nevertheless be vacated.

In a forfeiture case, the Commonwealth bears the burden of establishing, by a preponderance of the evidence, that a nexus exists between the pertinent unlawful activity and the property subject to forfeiture. *Commonwealth v. All That Certain Parcel and Lot of Land Located at 4029 Beale Avenue, Altoona, Blair County, Pennsylvania*, 545 Pa. 172, 680 A.2d 1128 (1996). When that burden is *sustained*, the burden of proof shifts to the property owner to disprove the evidence or establish statutory defenses to avoid forfeiture (*i.e.*, the "innocent owner" defense). *Commonwealth v. Schill*, 164 Pa.Cmwlth. 594, 643 A.2d 1143 (1994).

Here, the Commonwealth presented no evidence whatsoever. It therefore failed to sustain its initial burden of proof. The Commonwealth contends that Ms. Hill's failure to appear at the hearing resulted in the trial court entering a "default judgment" against her. In this case, however, the issue was not a failure by Ms. Hill to plead, that is, answer the Commonwealth's forfeiture petition. The issue was her failure to appear at a hearing. Rule 218(b) of the Pennsylvania Rules of Civil Procedure provides that "[i]f without satisfactory excuse a defendant is not ready [when a case is called for trial], the plaintiff may ... proceed to trial...." Rule

---

2. In its brief, the Commonwealth averred that it was prepared at that time to present the testimony evidence of police officers who would describe their observations that Mr. Shabass was selling drugs from the vehicle. The Commonwealth set forth in its brief the details of what this alleged testimony would establish.

3. Ms. Hill first appealed to the Superior Court, which transferred the appeal to this Court.

218(c) provides that "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Thus, judgment against a defendant who fails to appear for a hearing or trial is not automatic. The party with the burden of proof must still sustain its burden.

In the present case, when Ms. Hill failed to appear at the forfeiture hearing, the Commonwealth *had the obligation to* proceed with its evidence if it wished to prevail on its petition. Had the Commonwealth presented its evidence, and had the trial court concluded from such evidence that a nexus existed between the alleged unlawful activity and the Vehicle, then the trial court's order granting forfeiture would have been valid. The trial court, however, granted forfeiture based on the allegations of the Commonwealth alone without any supporting evidence. The trial court should have granted Ms. Hill's motion and vacated its order entered on September 12, 2002.

Accordingly, the trial court's order of September 18, 2002 is reversed, and this matter is remanded to the trial court for an evidentiary hearing on the Commonwealth's forfeiture petition.

### ORDER

AND NOW, this 10th day of February, 2004, the order of the Court of Common Pleas of Philadelphia County (trial court) in the above-captioned matter is hereby reversed, and this case is remanded to the trial court for an evidentiary hearing on the Commonwealth of Pennsylvania's forfeiture petition.

Jurisdiction relinquished.