**[J-27-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 46 MAP 2013 |
| | : |
| Appellant | : Appeal from the order of the |
| | : Commonwealth Court dated November |
| | : 21, 2012 at No. 789 CD 2011 reversing |
| v. | : the order of the Centre County Court of |
| | : Common Pleas dated April 15, 2011 at |
| | : No. CP-14-MD-1134-2009 and remanding |
| ALL THAT CERTAIN LOT OR PARCEL | : to the trial court |
| OF LAND LOCATED AT 605 | : |
| UNIVERSITY DRIVE, STATE COLLEGE, | : 61 A.3d 1048 |
| CENTRE COUNTY, PENNSYLVANIA | : |
| AND DESCRIBED WITH | : ARGUED : April 9, 2014 |
| PARTICULARITY AT DEED BOOK 1419 | : |
| PAGE 0976 IN THE OFFICE OF THE | : |
| RECORDER OF DEEDS, TAX PARCEL | : |
| NUMBER 36-014-123A | : |
| | : |
| GREGORY PALAZZARI, | : |
| | : |
| Appellee | : |

<u>OPINION</u>

**MR. JUSTICE BAER**                    **DECIDED:  November 19, 2014**

In this discretionary appeal, we consider the general applicability of the Pennsylvania Rules of Civil Procedure to forfeiture proceedings brought pursuant to the Controlled Substances Forfeiture Act (Forfeiture Act, or Act), 42 Pa.C.S. §§ 6801-02, and, specifically, the availability of summary judgment pursuant to Rule 1035.2,

Pa.R.C.P. 1035.2, in such proceedings. Although the trial court granted forfeiture of the subject property to the Commonwealth upon its motion for summary judgment, the Commonwealth Court reversed, broadly holding that the Rules of Civil Procedure generally and Rule 1035.2 in particular are inapplicable to forfeiture proceedings. The Commonwealth has appealed. Because we conclude that the Rules of Civil Procedure apply to forfeiture proceedings where they do not conflict with the Forfeiture Act, and that there is no conflict between the entry of summary judgment pursuant to Rule 1035.2 and the Act, we reverse and reinstate the trial court's entry of summary judgment in favor of the Commonwealth.

On August 21, 2009, following a joint investigation by the Pennsylvania Office of the Attorney General and the Centre County Drug Task Force into cocaine trafficking by Gregory Palazzari (Appellee), he was arrested and charged with multiple drug trafficking offenses under the Controlled Substances, Drug, Device and Cosmetic Act (Drug Act).[1] The Asset Forfeiture and Money Laundering Section of the Attorney General's Office petitioned the trial court for forfeiture of Appellee's property located at 605 University Drive, State College (the Property), in accord with the Forfeiture Act, 42 Pa.C.S. § 6801(a), alleging that Appellee had used the Property for the storage and sale of cocaine, as well as a place to meet his drug supplier.[2] Situated at this address was a gas station known as Greg's Sunoco.

---

[1]    35 P.S. §§ 780-101 to 780-144.

[2]    See 42 Pa.C.S. § 6801(a)(6)(i)(C) (providing that property subject to forfeiture includes "[r]eal property used or intended to be used to facilitate any violation of The [Drug] Act, including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or (…continued)

On September 17, 2010, Appellee pleaded guilty to multiple sales of cocaine, and was sentenced on October 18, 2010. Two days later, Appellee filed an answer to the Commonwealth's forfeiture petition, admitting that he was the owner of the Property "on paper," but asserting that "for all intent[s] and purposes the owner of the [P]roperty would be [Appellee's] mother [Santina Palazzari]." Answer to Petition for Forfeiture and Condemnation, ¶ 5, Reproduced Record (R.R.) at 35a. Appellee further denied that he used the Property to facilitate violations of the Drug Act.

The Commonwealth engaged in discovery to discern ownership of the Property, and obtained numerous documents identifying Appellee as the sole owner.[3] Following discovery, the Commonwealth moved for summary judgment on its forfeiture petition pursuant to Rule 1035.2, arguing that the facts of record, Appellee's admissions, and documents provided during discovery established that there was no genuine issue of material fact and it was therefore entitled to judgment as a matter of law. [4]

---

(continued…)
improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of The [Drug] Act, and things growing on, affixed to and found in the land.").

[3] These documents included paperwork related to the purchase of the property by Appellee; liability and workers' compensation insurance policies for the years 2005 and 2006 identifying Appellee as the owner of the Property; Appellee's tax returns for the years 2002-2009 identifying him as the owner of Greg's Sunoco; a W-2 for Ms. Palazzari showing that she received income as an employee of the gas station; two Centre County trial court opinions identifying Appellee as the owner of Greg's Sunoco; and a current deed identifying Appellee as the only owner of the Property.

[4] Rule 1035.2 provides:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(…continued)

Appellee opposed the Commonwealth's motion, denying that there was no genuine issue of material fact. Specifically, Appellee asserted that his mother was the *de facto* owner of the Property and operator of Greg's Sunoco because she wrote most of the checks from the business checking account and was the sole person listed in the Articles of Incorporation originating the business. Appellee further asserted that the amount of the forfeiture was grossly disproportionate, and therefore unconstitutional.

On March 10, 2011, the trial court held a hearing on the Commonwealth's motion for summary judgment seeking forfeiture. Thereafter, Appellee argued that summary judgment was improper because the Pennsylvania Rules of Civil Procedure in general and Rule 1035.2 in particular are inapplicable to forfeiture actions.[5] As support, Appellee relied on Section 6802 of the Forfeiture Act, contending that it, not the Rules of Civil Procedure, provides the exclusive process for forfeiture proceedings; and further

---

(continued…)

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2.

[5] Although it is not entirely clear when Appellee protested against the availability of summary judgment in this forfeiture proceeding, the Commonwealth makes no argument regarding Appellee's timing.

asserting that Section 6802(i) requires a hearing in every instance, thereby precluding the entry of summary judgment. 42 Pa.C.S. § 6802.[6]

---

[6] Because Section 6802, entitled "Procedure with respect to seized property subject to liens and rights of lienholders," is the crux of this case, it is worth including it in its totality. It provides as follows:

(a) General procedure.--The proceedings for the forfeiture or condemnation of property, the sale of which is provided for in this chapter, shall be *in rem*, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:
(1) A description of the property seized.
(2) A statement of the time and place where seized.
(3) The owner, if known.
(4) The person or persons in possession, if known.
(5) An allegation that the property is subject to forfeiture pursuant to section 6801(a) (relating to controlled substances forfeiture) or 6801.1(a) (relating to terrorism forfeiture) and an averment of material facts upon which the forfeiture action is based.
(6) A prayer for an order of forfeiture that the property be adjudged forfeited to the Commonwealth and condemned and be ordered sold according to law, unless cause be shown to the contrary.

(b) Notice to property owners.--A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:
To the Claimant of within Described Property: You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.
The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

(c) Substitute notice.--If the owner of the property is unknown or there was no person in possession of the property when seized or if the owner or such person or persons in possession at the time of the seizure cannot be
(…continued)

personally served or located within the jurisdiction of the court, notice of the petition shall be given by the Commonwealth through an advertisement in only one newspaper of general circulation published in the county where the property shall have been seized, once a week for two successive weeks. No other advertisement of any sort shall be necessary, any other law to the contrary notwithstanding. The notice shall contain a statement of the seizure of the property with a description of the property and the place and date of seizure and shall direct any claimants to the property to file a claim on or before a date given in the notice, which date shall not be less than 30 days from the date of the first publication. If no claims are filed within 30 days of publication, the property shall summarily forfeit to the Commonwealth.

(d) Property owners not in jurisdiction.--For purposes of this section, the owner or other such person cannot be found in the jurisdiction of the court if:

(1) a copy of the petition is mailed to the last known address by certified mail and is returned without delivery;

(2) personal service is attempted once, but cannot be made at the last known address; and

(3) a copy of the petition is left at the last known address.

(e) Notice automatically waived.--The notice provisions of this section are automatically waived when the owner, without good cause, fails to appear in court in response to a subpoena on the underlying criminal charges. Forty-five days after such a failure to appear, if good cause has not been demonstrated, the property shall summarily forfeit to the Commonwealth.

(f) Preservation of the property subject for forfeiture.--Upon application of the Commonwealth, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond or take any other action to preserve the availability of property described in section 6801(a) or 6801.1(a) for forfeiture under this section either:

(1) upon the filing of an information or an indictment charging an offense in this Commonwealth for which criminal forfeiture may be ordered under this chapter and alleging that the property with respect to which the order is sought would be subject to forfeiture; or

(2) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and an opportunity for a hearing, the court determines that:

(i) there is a substantial probability that the Commonwealth will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court or otherwise made unavailable for forfeiture; and

(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

However, an order entered pursuant to this paragraph shall be effective for not more than 90 days unless extended by the court for good cause shown or unless an indictment or information described in paragraph (1) has been filed.

(g) Temporary restraining order.--A temporary restraining order under subsection (f) may be entered upon application of the Commonwealth without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the Commonwealth demonstrates that there is probable cause to believe that the property with respect to which the order is sought would be subject to forfeiture under this chapter and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than ten days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this subsection shall be held at the earliest possible time and prior to the expiration of the temporary order.

(h) Hearing regarding property; rules of evidence.--The court may receive and consider, at a hearing held pursuant to subsection (f) or (g), evidence and information that would be inadmissible under the rules of evidence.

(i) Hearing time set.--Upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed at issue and a time shall be fixed for the hearing.

(j) Owner's burden of proof.--At the time of the hearing, if the Commonwealth produces evidence that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under section 6801(a) or 6801.1(a), the burden shall be upon the claimant to show:

(1) That the claimant is the owner of the property or the holder of a chattel mortgage or contract of conditional sale thereon.

(…continued)

On April 15, 2011, the trial court granted the Commonwealth's motion for summary judgment. In its subsequent opinion in support of its order, the trial court addressed Appellee's argument that Section 6802 contains the exclusive process to be employed during forfeiture proceedings and that the Rules of Civil Procedure are therefore inapplicable. The trial court recognized that: there are gaps in the process provided in Section 6802; Pennsylvania courts have consistently characterized forfeiture proceedings as civil *in rem* actions; and Pennsylvania courts have, accordingly, utilized the Rules of Civil Procedure to complete such gaps. See 42 Pa.C.S. § 6802(a)

---

(continued…)

(2) That the claimant lawfully acquired the property.

(3) That it was not unlawfully used or possessed by him. In the event that it shall appear that the property was unlawfully used or possessed by a person other than the claimant, then the claimant shall show that the unlawful use or possession was without his knowledge or consent. Such absence of knowledge or consent must be reasonable under the circumstances presented.

(k) Court-ordered release of property.--If a person claiming the ownership of or right of possession to or claiming to be the holder of a chattel mortgage or contract of conditional sale upon the property, the disposition of which is provided for in this section, prior to the sale presents a petition to the court alleging over the property lawful ownership, right of possession, a lien or reservation of title and if, upon public hearing, due notice of which having been given to the Attorney General or the district attorney, the claimant shall prove by competent evidence to the satisfaction of the court that the property was lawfully acquired, possessed and used by him or, it appearing that the property was unlawfully used by a person other than the claimant, that the unlawful use was without the claimant's knowledge or consent, then the court may order the property returned or delivered to the claimant. Such absence of knowledge or consent must be reasonable under the circumstances presented. Otherwise, it shall be retained for official use or sold in accordance with section 6801(e) or 6801.1(f).

42 Pa.C.S. § 6802.

(characterizing forfeiture actions as "*in rem*"); Commonwealth v. One 1991 Cadillac Seville, 853 A.2d 1093, 1095 (Pa.Cmwlth. 2004) (holding that the Pennsylvania Rules of Civil Procedure apply to *in rem* forfeiture proceedings where they do not conflict with the Forfeiture Act; and, because the Forfeiture Act authorizes service by mail, consideration of the Civil Rules is appropriate for determining what constitutes proper service by mail); Commonwealth v. $8,006 U.S. Currency Seized from Carter, 646 A.2d 621 (Pa.Cmwlth. 1994) (holding that the Act is silent with regard to the discovery process, and, therefore, "the discovery rules found in the Pennsylvania Rules of Civil Procedure are applicable to forfeiture proceedings."); Commonwealth v. 6969 Forest Avenue, 713 A.2d 701, 703 (Pa.Cmwlth. 1998) (observing that the trial court had granted summary judgment on a petition for forfeiture); Commonwealth v. Landy, 362 A.2d 999, 1005 (Pa.Super. 1976) (holding that "[o]n issues of evidence, [forfeiture] proceedings should be treated as civil proceedings with the Commonwealth having the burden of proving the material allegations by a preponderance of the evidence only."). The trial court therefore held that there was no support for Appellee's argument that summary judgment is generally unavailable in forfeiture proceedings, implicitly rejecting his reliance on Section 6802(i) in this regard.

On the merits of the question of ownership, the trial court held that there was no deed identifying Ms. Palazzari as the Property owner, and that her claim of ownership was therefore barred by the Statute of Frauds. See 33 P.S. § 1 (providing generally that no agreement for the sale of real property will be enforced unless it is in writing); Gerlock v. Gabel, 112 A.2d 78, 81 (Pa. 1955) (providing that the Statute of Frauds "is designed, not to encourage frauds, but to prevent them by forbidding the assertion of a

right or interest in real estate by one who can show no written basis for the claim."); Strausser v. PRAMCO, III, 944 A.2d 761, 765 (Pa.Super. 2008) (providing that "[t]he purpose of the Statute of Frauds is to prevent the enforcement of unfounded fraudulent claims by requiring that contracts pertaining to interests in real estate be supported by written evidence."). Because Appellee was the sole owner of the Property, as set forth in the documentary evidence, the trial court held that summary judgment in the Commonwealth's favor was appropriate.[7]

Appellee appealed to the Commonwealth Court, arguing first that the Pennsylvania Rules of Civil Procedure do not apply to proceedings brought under the Forfeiture Act, which provides the exclusive procedure for such proceedings, and, second, that Section 6802(i) of the Act mandates a hearing in every case, precluding summary judgment.[8] A Plurality of the Commonwealth Court agreed with Appellee with respect to both arguments, holding that the Rules of Civil Procedure are generally inapplicable to forfeiture proceedings because Section 6802 of the Forfeiture Act provides the exclusive procedure in such cases, and that Section 6802(i) mandates a

---

[7] The trial court also rejected Appellee's claim that the Property was not used to facilitate illegal drug activity based on the facts that supported his underlying guilty plea and criminal convictions, and further rejected Appellee's proportionality challenge. Neither of these issues are relevant to the present appeal.

[8] Appellee did not address the underlying merits of the grant of summary judgment, *i.e.*, who owned the Property; rather, he argued that he was entitled to a remand for a hearing on the merits. Thus, the trial court's conclusion that Appellee did not raise a genuine issue of material fact prior to the Commonwealth's motion for summary judgment is not before this Court. As we hold summary judgment was available, and Appellee did not challenge the trial court's determination in this regard, summary judgment will be reinstated in favor of the Commonwealth.

hearing in every instance. Consequently, the Commonwealth Court reversed and remanded to the trial court for a hearing on the question of ownership.

Examining Section 6802 in its totality, the Plurality held that it sets forth a complete procedure regarding forfeiture, including the contents of a forfeiture petition; the prayer for relief; all aspects of the constitutional due process requirement of notice to property owners, including substitute notice when owners are not readily ascertainable; preservation of property; temporary restraining orders; allowable evidence; the holding of hearings; and burdens of proof. Commonwealth v. All That Certain Lot, Parcel of Land Located At 605 Univ. Drive, 61 A.3d 1048, 1051 (Pa.Cmwlth. 2012); 42 Pa.C.S. § 6802. Consequently, the Plurality held that Section 6802 supplanted the Rules of Civil Procedure, including Rule 1035.2.

As support for its holding, the Commonwealth Court considered whether forfeiture actions are essentially civil or criminal and, to the extent these actions are civil, whether the Rules of Civil Procedure should apply when Section 6802 does not prescribe a peculiar process. The Plurality concluded that although forfeiture proceedings are "nominally" civil, they are, when considered in their totality, more properly characterized as *quasi* criminal punitive proceedings, and should be treated as such. To reach this conclusion, the Plurality relied on United States Supreme Court decisions holding that certain Fifth and Fourth Amendment protections are applicable in forfeiture proceedings. See United States v. United States Coin and Currency, 401 U.S. 715, 718 (1971) (holding that the Fifth Amendment privilege against self-incrimination

applies to forfeiture proceedings);[9] <u>One 1958 Plymouth Sedan v. Pennsylvania</u>, 380 U.S. 693, 702 (1965) (holding that exclusionary rule of the Fourth Amendment, which bars the admission of evidence seized in the course of an unlawful search, applies to forfeiture proceedings).

The Plurality further supported its conclusion that the Civil Rules do not apply to forfeiture proceedings by noting that the Rules apply only to civil actions as defined by Rule 1001.[10] Because forfeiture is initiated by petition, the Commonwealth Court held it is not a "civil action" as defined in Rule 1001.[11] After announcing its holding in this regard, the Plurality overruled "any previous cases that have applied the Rules of Civil Procedure to forfeiture actions. . .". 605 Univ. Drive, 61 A.3d at 1055. <u>See</u>, <u>e.g.</u>, <u>One</u>

---

[9]    <u>See</u> U.S. CONST. amend. V (providing that no person "shall be compelled in any criminal case to be a witness against himself. . ."); <u>Kastigar v. United States</u>, 406 U.S. 441, 444 (1972) (explaining that the government's "power to compel testimony is not absolute," and one exemption from the testimonial duty is the Fifth Amendment privilege against compulsory self-incrimination).

[10]    Rule 1001 provides in relevant part as follows:

(a) As used in this chapter and in Rules 1506 and 1531 through 1535, "action" means a civil action brought in or appealed to any court which is subject to these rules.

(b) There shall be a "civil action" in which shall be brought all claims for relief heretofore asserted in

(1) the action of assumpsit,

(2) the action of trespass, and

(3) the action in equity.

Pa.R.C.P. 1001.

[11]    The Plurality additionally held that the rules pertaining to petitions practice are likewise inapplicable because a forfeiture proceeding is not encompassed within the definition of petition. <u>See</u> Pa.R.C.P. 206.1(a) (defining petition as "(1) an application to strike and/or open a default judgment or a judgment of non pros, and (2) any other application which is designated by local rule, numbered Local Rule 206.1(a), to be governed by Rule 206.1 et seq.").

<u>1991 Cadillac Seville</u>, 853 A.2d 1093; <u>Commonwealth v. 1992 Chevrolet Seized from Hill</u>, 844 A.2d 583, 585-86 (Pa.Cmwlth. 2004) (applying the Civil Rules to hold that the Commonwealth failed to meet its evidentiary burden at a hearing at which the property owner failed to appear); <u>$8,006 U.S. Currency Seized from Carter</u>, 646 A.2d 621.

The Plurality then accepted Appellee's argument that Section 6802(i) requires a hearing in every case where the property owner asserts a claim that the property cannot be forfeited. 42 Pa.C.S. § 6802(i); <u>Brown v. Commonwealth</u>, 940 A.2d 610, 613 (Pa.Cmwlth. 2008) (holding that the Forfeiture Act required "a hearing on the merits of the forfeiture if the owner asserts a claim that the property cannot be forfeited."). The Plurality reasoned that the language of this subsection indicated the General Assembly's intent to require "the Commonwealth to present its evidence in open court. . ." <u>605 University Drive</u>, 61 A.3d at 1054.

As support for this holding, the Plurality inaptly relied on Article I, Section 6 of the Pennsylvania Constitution,[12] which we have held entitles a property owner to a jury trial in a forfeiture action to decide whether the property seized is contraband. <u>Commonwealth v. One 1984 Z-28 Camaro Coupe</u>, 610 A.2d 36, 41 (Pa. 1992) (holding that because "*[i]n rem* forfeiture actions involving questions of whether the goods seized are contraband were heard in common law courts before juries in 1790," this right to a jury trial was preserved by the Pennsylvania Constitution).

Judge McGinley dissented, joined by Judge Leadbetter, noting his disagreement with the Plurality's holding that the Rules of Civil Procedure can never

---

[12] This section provides in relevant part that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." Pa. Const. art. I, § 6.

apply to forfeiture proceedings and its overruling of every case applying the Rules to such proceedings. 605 University Drive, 61 A.3d at 1055 (McGinley, J., dissenting). Relying on Section 6802(a) (providing that forfeiture proceedings are *in rem*), the dissent disagreed with the Plurality's attempt to equate such proceedings to criminal actions. According to Judge McGinley, the Commonwealth Court should have continued to apply the Rules of Civil Procedure to forfeiture cases where there is no conflict with a specific provision of the Forfeiture Act. 605 University Drive, 61 A.3d at 1058 (McGinley, J., dissenting).

Judge McGinley further disagreed with the Plurality's determination that Section 6802(i) requires a hearing where there are no disputed issues of material fact, and opined that requiring a hearing in such circumstances would be wasteful. In the absence of disputed issues of material fact, Judge McGinley asserted that the motions proceedings, including briefs and arguments by the parties, protected the due process rights of the property owner by providing sufficient opportunity to be heard. Further responding to the Plurality, Judge McGinley stated that the constitutional right to a jury trial is not implicated where summary judgment is proper. See Washington v. Baxter, 719 A.2d 733 (Pa. 1998) (where a plaintiff failed to establish a cause of action, the constitutional right to a jury trial is not violated when the plaintiff's suit was dismissed).

Judge Cohn Jubelirer filed a concurring and dissenting opinion (CODO), joined by Judge McCullough, dissenting from the Plurality's broad declaration that the Rules of Civil Procedure are inapplicable to forfeiture actions, a holding which she viewed as creating a procedural vacuum in instances where the Forfeiture Act provided no guidance on questions of procedure. 605 University Drive, 61 A.3d at 1059 (Cohn

Jubelirer, J., concurring and dissenting). Rather, she would have held that the specific procedure set forth in Section 6802 of the Forfeiture Act prevails over any conflicting Civil Rule, but where there is no conflict, and where the Forfeiture Act is silent as to a required procedure, the Rules of Civil Procedure apply. Highlighting discovery and service by certified mail as examples of where the Forfeiture Act provides no procedure, and where the Commonwealth Court has instead looked to the Civil Rules, Judge Cohn Jubelirer would continue to utilize the Rules to fill the procedural gaps inherent to the Forfeiture Act. See One 1991 Cadillac Seville, 853 A.2d at 1095 (relying on the Rules of Civil Procedure to determine proper service by certified mail); $8006 U.S. Currency, 646 A.2d 621 (applying discovery provisions of the Rules of Civil Procedure to forfeiture action). Judge Cohn Jubelirer concurred, however, with the Plurality's holding that summary judgment is unavailable in forfeiture proceedings, agreeing that the plain language of Section 6802(i) requires a hearing.[13]

We granted the Commonwealth's petition for allowance of appeal to determine (1) whether the Commonwealth Court Plurality erred by declaring the Rules of Civil Procedure inapplicable to forfeiture proceedings on the theory that the Forfeiture Act provides the complete procedure governing forfeiture actions, and (2) whether the Plurality erred in holding that Section 6802(i) mandates a hearing in every case before property is forfeited.

---

[13]    In the alternative, Judge Cohn Jubelirer opined that even if summary judgment was generally available, it was not appropriate under the facts of this case because Appellee alleged that there was a genuine issue of material fact in dispute regarding ownership of the Property.

Our scope of review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. Commonwealth v. Real Property and Improvements Known as 5444 Spruce St., 832 A.2d 396, 398 (Pa. 2003); Commonwealth v. 648 West Mayfield Street, 819 A.2d 1226, 1227 (Pa.Cmwlth. 2003). Because this appeal hinges upon a question of law, the standard of review is plenary. 5444 Spruce St., 832 A.2d at 398; Commonwealth v. Haag, 809 A.2d 271, 278 n.8 (Pa. 2002).

With respect to the first issue on appeal (whether the Commonwealth Court Plurality erred by declaring the Rules of Civil Procedure inapplicable to forfeiture proceedings on the theory that the Forfeiture Act provides a complete procedure), the Commonwealth argues that forfeiture actions are generally considered a form of civil action.[14] See 42 Pa.C.S. § 6802(a) ("The proceedings for the forfeiture or condemnation of property . . . shall be *in rem*, in which the Commonwealth shall be the plaintiff and the property the defendant."); Commonwealth v. Wingait Farms, 690 A.2d 222, 226 (Pa. 1997) (holding that "the General Assembly intended forfeitures brought pursuant to § 6801 to be civil in nature"); Commonwealth v. 542 Ontario St., 989 A.2d 411, 417 (Pa.Cmwlth. 2010) ("Civil forfeitures are the *in rem* consequence for wrongdoing prescribed by statute. Property is forfeited not as a result of the criminal conviction, but through a separate proceeding, civil in form but *quasi*-criminal in nature. . ."); Commonwealth v. $259.00 Cash U.S. Currency, 860 A.2d 228, 232 n.7 (Pa.Cmwlth.

---

[14] The District Attorneys Association as *amicus curiae* has filed a brief in support of the Commonwealth largely echoing the same arguments.

2004) ("forfeiture proceedings are civil."); <u>In re One 1988 Toyota Corolla (Blue Two-Door Sedan)</u>, 675 A.2d 1290, 1295 (Pa.Cmwlth. 1996) (". . . where the property has been declared forfeitable under a criminal or quasi-criminal statute, the nature of the forfeiture proceeding itself is nevertheless *in rem* and is, therefore, a civil proceeding.").

In this regard, the Commonwealth observes that the Commonwealth Court's jurisdiction over forfeiture proceedings lies in the fact that the proceedings are civil. <u>See</u> 42 Pa.C.S. § 762 (vesting jurisdiction in the Commonwealth Court in appeals from final orders of the courts of common pleas in civil actions commenced by the Commonwealth); <u>Strand v. Chester Police Dep't</u>, 687 A.2d 872, 873 n.2 (Pa.Cmwlth. 1997) ("Although the Commonwealth's right to confiscate property stems from criminal activity, the forfeiture proceeding itself is essentially a civil action, in the nature of an *in rem* proceeding. As such, this Court has jurisdiction under Section 762 of the Judicial Code, 42 Pa.C.S. § 762."). By characterizing forfeiture proceedings as only nominally civil, the Commonwealth argues that the Plurality has called into question the Commonwealth Court's jurisdiction over forfeiture appeals.

While advancing this argument, the Commonwealth acknowledges that certain constitutional rights are implicated by forfeiture proceedings. <u>See</u> <u>One 1958 Plymouth Sedan</u>, 380 U.S. 693; <u>United States Coin and Currency</u>, 401 U.S. 715. The Commonwealth, however, argues that the Supreme Court has more recently held that the Fifth Amendment Double Jeopardy Clause[15] is not violated by forfeiture

---

[15] The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. This clause prevents both "successive punishments and ... successive prosecutions." <u>United</u> (…continued)

proceedings, and has made clear that, although certain constitutional rights are implicated, the nature of a forfeiture proceeding is civil. See United States v. Ursery, 518 U.S. 267, 274 (1996) (observing that "[s]ince the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events," and that "in a long line of cases, this Court has considered the application of the Double Jeopardy Clause to civil forfeitures, consistently concluding that the Clause does not apply to such actions because they do not impose punishment."). See also Commonwealth v. $6,425.00 Seized from Richard Esquilin, 880 A.2d 523, 556-57 (Pa. 2005) (applying a civil burden of proof to forfeiture actions); Commonwealth v. $9,847.00 U.S. Currency, 704 A.2d 612 (Pa. 1997) (holding that there is no constitutional right to the appointment of counsel in forfeiture proceedings because only property interests, rather than liberty interests, are at stake); Wingait Farms, 690 A.2d at 226 (relying on Ursery to conclude that "the *in rem* civil forfeiture in this case was neither punitive nor criminal for purposes of the Double Jeopardy Clause and Art. I, § 10 of the Constitution of Pennsylvania.").

Consistent with its view that forfeiture proceedings are purely civil, the Commonwealth argues that the Rules of Civil Procedure naturally should supplement the specific but incomplete procedure provided in the Forfeiture Act, emphasizing two decades of Commonwealth Court cases applying the Civil Rules to forfeiture proceedings whenever doing so did not conflict with the Forfeiture Act. See, e.g., Commonwealth v. $3961.00 Cash, 1 A.3d 999, 1002 (Pa.Cmwlth. 2010) (applying

---

(continued…)
States v. Ursery, 518 U.S. 267, 273 (1996) (citing United States v. Dixon, 509 U.S. 688, 696 (1993)).

Pennsylvania Rule of Civil Procedure 1007.1(c)(2) to analyze whether there was a valid waiver of a jury trial); One 1991 Cadillac Seville, 853 A.2d 1093 (applying Pennsylvania Rule of Civil Procedure 403 to determine what constitutes proper service where there was a question as to who signed for the petition); $8006.00 U.S. Currency, 646 A.2d 621 (holding that because the Forfeiture Act did not provide rules relevant to discovery, it was appropriate to rely on the Rules of Civil Procedure in forfeiture proceedings). Further, the Commonwealth argues the Plurality's rationale that forfeiture actions are begun by petition and therefore are not civil actions subject to the Rules of Civil Procedure improperly places form over substance.

Turning to the second issue (regarding whether Section 6802(i) requires a hearing in the absence of disputed issues of material fact and thus conflicts with Rule 1035.2), the Commonwealth argues that Section 6802(i) merely provides that, upon the filing of a forfeiture petition, "the case shall be deemed at issue and a time shall be fixed for the hearing," and does not mandate a hearing in every case. According to the Commonwealth, it would be absurd to require a hearing in cases where there are no factual issues to be resolved, and doing so would unnecessarily crowd court dockets and waste resources. Because it does not believe a hearing is required in every instance, the Commonwealth argues that Rule 1035.2, which governs summary judgment, may properly be applied to resolve any forfeiture action that does not present a genuine issue of material fact.

In support, the Commonwealth observes that the General Assembly modeled the Forfeiture Act after its federal counterpart, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 88, and draws our attention to federal precedent

holding that summary judgment is permitted in federal civil forfeiture proceedings. See, e.g., United States v. 717 South Woodward St., 2 F.3d 529, 532 (3d. Cir. 1993) (". . . it is clear that Federal Rule of Civil Procedure 56 and case law interpreting that rule control the disposition of summary judgment motions in forfeiture proceedings.").

Responding to the Plurality's suggestion that one's state constitutional right to a jury trial will somehow be improperly limited by permitting summary judgment in forfeiture actions, the Commonwealth articulates its agreement with Judge McGinley's dissent that where a party has a right to a jury trial, this right is not violated when the party's suit is dismissed or when there are no issues of fact to be resolved. See Washington, 719 A.2d at 741, n.12 ("Neither the Pennsylvania nor the United States Constitutions grant an absolute right to a jury trial in a civil action. Where a plaintiff has failed to establish that he has a cause of action, the constitutional right to a jury trial is not violated when that plaintiff's suit is dismissed.").

Addressing whether the Rules of Civil Procedure are inapplicable to forfeiture actions because the Forfeiture Act provides the complete procedure, Appellee argues that it is immaterial whether such actions are characterized as civil or criminal; rather, according to Appellee, they are a hybrid, and require a unique procedure which the legislature provided in Section 6802. Focusing on the totality of Section 6802, Appellee agrees with the Plurality that it provides the complete and exclusive procedure to be utilized in forfeiture actions. Appellee appears to agree with the Commonwealth, however, that the Rules of Civil Procedure may apply in contexts where they do not conflict with the specific provisions of the Forfeiture Act. Appellee's Brief at 8 (noting that the decades of case law on which the Commonwealth relies to support its argument

that the Rules may be utilized to fill in the gaps of the Forfeiture Act all pertain to instances where there was no conflict between the Rules and the Act).

Turning to the second issue on appeal, Appellee argues that there is a conflict between the Rules and Section 6802(i), which he construes as requiring a hearing in every case. According to Appellee, by providing that "a time shall be fixed for a hearing," the statute requires a hearing to be held whenever the Commonwealth files a forfeiture petition. See In re Canvass of Absentee Ballots of November 4, 2003 Gen. Election, 843 A.2d 1223, 1231 (Pa. 2004) ("The word 'shall' carries an imperative or mandatory meaning."). Additionally, Appellee observes that summary judgment is generally appropriate only where there is no genuine issue of material fact, and views the filing of a petition for forfeiture and the answer thereto to create a genuine issue of material fact in every case, automatically removing forfeiture from the class of cases for which summary judgment is appropriate. See 42 Pa.C.S. § 6802(i) (providing that upon the Commonwealth's petition for forfeiture "the case shall be deemed at issue."). By designating the case "at issue," according to Appellee, the General Assembly has legislatively determined that material facts will exist in every forfeiture proceeding. Consequently, according to Appellee, property may never be forfeited by summary judgment.

The first issue we address is whether the Rules of Civil Procedure are generally inapplicable to forfeiture proceedings because the Forfeiture Act provides the complete procedure for such actions. In construing the terms of the Act, we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S. § 1901 et seq. In this respect, the object of all statutory construction is to ascertain and effectuate the General

Assembly's intent, 1 Pa.C.S. § 1921(a), the best indication of which is the plain language of the statute. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Id., § 1921(b).

The plain language of the Forfeiture Act designates forfeiture proceedings as "*in rem*, in which the Commonwealth shall be the plaintiff and the property the defendant." 42 Pa.C.S. § 6802(a). *In rem* actions generally are instituted to determine the status of property, and the rights of individuals with respect thereto; an *in rem* forfeiture proceeding in particular determines the status of property and the respective rights of the Commonwealth and the property owner resulting from the property owner's criminal conduct. See $9,847.00 U.S. Currency, 704 A.2d at 615-16 (explaining that forfeiture proceedings involve the owner's property rights, the Commonwealth's financial interest, and the government's interest in deterring illegal drug transactions); Commonwealth by Hilbert v. Lutz, 60 A.2d 24, 26 (Pa. 1948) (quoting with approval McCormick v. Blaine, 178 N.E. 195, 197 (Ill. 1931): "A judgment *in rem* may be briefly defined as one founded on a proceeding instituted, not primarily against the person, but against or upon some thing or subject-matter the status or condition of which is to be determined. Such judgment is one affecting the status of the *res*.").

We recognized the civil nature of *in rem* forfeiture actions in Wingait Farms, in which we relied on Section 6802(a) to observe that "[t]he statute provides that the proceedings are *in rem*, and *in rem* forfeitures have traditionally been viewed as civil." 690 A.2d at 226. Based on this language, we concluded "that the General Assembly intended forfeitures brought pursuant to [the Forfeiture Act] to be civil in nature," and

rejected an argument that the "*in rem* civil forfeiture" in that case was punitive or criminal for purposes of the Double Jeopardy Clause and Art. I, § 10 of the Pennsylvania Constitution. Id.

Pennsylvania's intermediate appellate courts have also properly and consistently considered *in rem* forfeiture to be civil proceedings resulting from criminal wrongdoing. See 542 Ontario St., 989 A.2d at 417 ("Civil forfeitures are the *in rem* consequence for wrongdoing prescribed by statute . . . . Property is forfeited not as a result of the criminal conviction, but through a separate proceeding, civil in form but *quasi*-criminal in nature . . ."); $259.00 Cash U.S. Currency, 860 A.2d at 232 n.7 (observing that forfeiture proceedings are civil); Commonwealth v. One Mack Dump Truck, 743 A.2d 542 (Pa.Cmwlth. 1999) (noting that property is not forfeited as a result of the criminal conviction but through a separate civil proceeding); In re One 1988 Toyota Corolla, 675 A.2d at 1295 (". . . where the property has been declared forfeitable under a criminal or quasi-criminal statute, the nature of the forfeiture proceeding itself is nevertheless *in rem* and is, therefore, a civil proceeding."); Commonwealth v. $73,671.30 Cash, Currency, 654 A.2d 93, 94-95 (Pa.Cmwlth. 1995) (characterizing proceedings under the Forfeiture Act as civil); Commonwealth v. Landy, 362 A.2d 999, 1005 (Pa.Super. 1976) (reviewing the history of modern forfeiture statutes and case law and concluding that forfeiture proceedings are "civil in form" but "*quasi*-criminal in character."); Commonwealth v. Certain Confiscated Liquors, 91 Pa.Super. 165 (Pa.Super. 1927) (holding that a proceeding by the Commonwealth to condemn contraband liquors is a civil proceeding *in rem*).

Although the United States Supreme Court has applied Fourth Amendment search and seizure requirements and the Fifth Amendment privilege against self-incrimination to forfeiture cases, a review of this precedent and a more recent case reveals that while individuals facing forfeiture are entitled to these constitutional protections, this does not transform the civil *in rem* action into a criminal proceeding. In One 1958 Plymouth Sedan, the High Court held that the exclusionary rule of the Fourth Amendment applies to forfeiture; therefore, the government may not introduce evidence in a forfeiture proceeding that was illegally seized in violation of the Fourth Amendment's search and seizure requirements. In reaching this conclusion, the Court relied on Boyd v. United States, 116 U.S. 616, 633-634 (1886) to reject the argument that such proceedings are solely civil in nature, explaining: "We are also clearly of opinion that proceedings instituted for the purpose of declaring the forfeiture of a man's property by reason of offenses committed by him, though they may be civil in form, are in their nature criminal." One 1958 Plymouth Sedan, 380 U.S. at 697.

Similarly, in United States Coin and Currency, the Court held that the Fifth Amendment privilege against self-incrimination applies to forfeiture proceedings, reiterating its rationale from Boyd and One 1958 Plymouth Sedan that forfeiture proceedings are civil in form but criminal in nature. 401 U.S. at 718. The Court explained:

> From the relevant constitutional standpoint there is no difference between a man who 'forfeits' $8,674 because he has used the money in illegal gambling activities and a man who pays a 'criminal fine' of $8,674 as a result of the same course of conduct. In both instances, money liability is predicated upon a finding of the owner's wrongful conduct; in both cases, the Fifth Amendment applies with equal force.

Id.

However, despite characterizing forfeiture proceedings as "in their nature criminal" for these particular aspects of the Fourth and Fifth Amendments, the U.S. Supreme Court has rejected the argument that the full panoply of rights afforded to a criminal defendant apply to forfeiture proceedings, reasserting that such proceedings are civil. Specifically, in Ursery, the High Court reversed lower court decisions holding that the Double Jeopardy Clause prohibited the government from punishing a defendant and forfeiting his property for the same criminal offense in separate criminal and *in rem* civil proceedings. The High Court held that forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. 518 U.S. at 278 ("*In rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause.").

Examining the language of the federal forfeiture statutes, the Court considered Congress' intent and concluded that "[t]here is little doubt that Congress intended these forfeitures to be civil proceedings." Id. at 288. This holding flowed directly from the Court's observation that Congress had designated forfeiture as a proceeding *in rem*. Id. ("Congress specifically structured these forfeitures to be impersonal by targeting the property itself. In contrast to the *in personam* nature of criminal actions, actions *in rem* have traditionally been viewed as civil proceedings, with jurisdiction dependent upon seizure of a physical object." (internal citation omitted)); Id. at 293 (Kennedy, J., concurring) ("Although there is language in our cases to the contrary, see [One 1958 Plymouth Sedan]; [Boyd], civil *in rem* forfeiture is not punishment of the wrongdoer for his criminal offense."). The Court further supported its holding by observing that forfeiture statutes serve important non-punitive goals, such as encouraging property

owners to take care in managing their property, abating a nuisance, and ensuring that individuals do not profit from illegal acts. Ursery, 518 U.S. at 290-91.

After Boyd, One 1958 Plymouth Sedan, and United States Coin and Currency suggested broadly that civil forfeiture was civil in form but criminal in nature, the Court in Ursery therefore emphasized with less equivocation the civil nature of forfeiture. Id. at 288-89; see also One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235 (1972) (holding that the applicable forfeiture statute imposed a civil sanction rather than a criminal penalty and rejecting the argument that double jeopardy and collateral estoppel bar forfeiture proceedings following an acquittal on the underlying criminal charges: ". . . the difference in the burden of proof in criminal (beyond a reasonable doubt) and civil (preponderance of the evidence) cases precluded application of the doctrine of collateral estoppel.").

We followed the rationale of Ursery in Wingait Farms, concluding that the Forfeiture Act did not violate the Double Jeopardy Clause of the federal Fifth Amendment or the Pennsylvania Constitution in part because forfeiture is civil.[16] 690 A.2d at 226 ("The statute provides that the proceedings are *in rem*, and *in rem* forfeitures have traditionally been viewed as civil. . . . Thus, we conclude that the General Assembly intended forfeitures brought pursuant to § 6801 to be civil in nature." (internal citations omitted)).

Because forfeiture actions are civil, appellate courts in the Commonwealth have likewise rejected arguments that the full panoply of protections afforded criminal

---

[16] Pennsylvania's double jeopardy clause provides: "No person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. CONST., Art. I, § 10.

defendants also apply to forfeiture. For example, the criminal burden of proof (*i.e.*, beyond a reasonable doubt) does not apply. Commonwealth v. $6,425.00 Seized From Esquilin, 880 A.2d 523, 529 (Pa. 2005) (requiring the Commonwealth to meet its evidentiary burden by a preponderance of the evidence); Commonwealth v. Landy, 362 A.2d 999, 1005 (Pa. Super. 1976) (". . . we note that Pennsylvania case law has consistently required the Commonwealth to prove their forfeiture case by a preponderance of the evidence."). In addition, although *in rem* forfeiture proceedings must comport with due process of law, property interests are generally afforded less due process protections than liberty interests. Consequently, there is no constitutional right to the appointment of counsel in a forfeiture proceeding. $9,847.00 U.S. Currency, 704 A.2d 612, 616-17 (Pa. 1997) (holding that the due process clause of the Fourteenth Amendment does not require the appointment of counsel in forfeiture because "the property interest at stake commands a lesser level of due process protection. . ." than the liberty interest implicated in a criminal proceeding).[17]

Because of the language of Section 6802(a) and the precedent recounted above, we reject the Commonwealth Court Plurality's holding that forfeiture proceedings are *quasi*-criminal punitive proceedings to which the Rules of Civil Procedure are inapplicable. Although the Forfeiture Act provides some specific procedures for forfeiture actions, the Rules of Civil Procedure are general rules prescribed by this Court

---

[17] To comport with due process in forfeiture proceedings, the Commonwealth must provide the owner of the property with adequate notice and an opportunity to be heard. Commonwealth v. Mosley, 702 A.2d 857, 860 (Pa. 1997) (observing that "notice and opportunity to be heard are integral to forfeiture proceedings [under the Forfeiture Act]"); 1991 Cadillac Seville, 853 A.2d 1093; Reeves v. Pennsylvania Game Com'n, 584 A.2d 1062 (Pa.Cmwlth. 1990).

to regulate civil practice and procedure in the courts of common pleas.  See Pa. CONST., Article V, Section 10(c); 42 Pa.C.S. § 1722 (relating to the adoption of administrative and procedural rules).  As explained below, we hold that where procedural issues arise during forfeiture proceedings which are not amenable to resolution solely by application of the Forfeiture Act, the Rules of Civil Procedure may be utilized to regulate the practice and procedure.

The Forfeiture Act requires the Commonwealth to begin forfeiture proceedings by filing a petition for condemnation and forfeiture, specifies what must be included in the petition, and requires the Commonwealth to provide notice to the property owner that an answer must be filed within thirty days.  42 Pa.C.S. § 6802(a), (b).  The Act substantively identifies what property is forfeitable, sets requirements for actual or substitute notice, seizure of the *res*, custody of the property before and after forfeiture, provides shifting burdens of proof regarding available defenses, and provides the remedy for property owners who raise a successful defense.  42 Pa.C.S. §§ 6801, 6802.

The Act, however, is silent in several respects, contrary to the Commonwealth Court Plurality's holding that the General Assembly provided a "complete procedure." See e.g., Commonwealth v. $3961.00 Cash, 1 A.3d 999, 1002 (Pa.Cmwlth. 2010) (applying Pa.R.C.P. 1007.1(c)(2) to determine if there was a valid jury trial waiver); One 1991 Cadillac Seville, 853 A.2d 1093 (relying on the Rules to determine proper service by certified mail when there was a question that was not resolved by the Forfeiture Act); Commonwealth v. 1992 Chevrolet Seized from Hill, 844 A.2d 583, 585-86 (Pa.Cmwlth. 2004) (applying Rule 218 to conclude that where the property owner does not appear at

a forfeiture hearing, the Commonwealth is required to proceed with its case and present evidence in support of its forfeiture petition); $8,006.00 U.S. Currency Seized from Carter, 646 A.2d 621 (noting that the Forfeiture Act is silent with respect to discovery and applying the Rule 4001 to questions of discovery).[18]

Accordingly, we hold that that the Rules apply to compensate for the procedural gaps in the Forfeiture Act and to facilitate the orderly, fair, and efficient course of proceedings and disposition of the matter.  In such circumstances, applying the Rules of Civil Procedure to forfeiture proceedings will provide guidance and regulate practice, supplying a fair and efficient methodology for resolution of any procedural issue that arises and is not addressed by the Forfeiture Act itself.  See e.g., $8,006.00 U.S. Currency, 646 A.2d 621 (applying civil discovery rules to forfeiture proceedings); One 1991 Cadillac Seville, 853 A.2d 1093 (holding that the Civil Rules are appropriate in determine proper service by mail).[19]  In contrast, the Plurality's approach would, as observed by Judge Cohn Jubelirer, create a procedural vacuum and leave parties and

---

[18]    In addressing the procedural gaps in the Forfeiture Act, the Commonwealth Court has sought guidance from federal courts interpreting and applying the federal counterpart, the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4), upon which our Forfeiture Act is modeled, "in dealing with issues arising under the Forfeiture Act upon which no court has ruled or upon which the Act is silent."  $8006.00 U.S. Currency Seized from Carter, 646 A.2d at 623.  Pursuant to the federal statute, litigation of federal in rem forfeiture proceedings are subject to the Federal Rules of Civil Procedure.  21 U.S.C. § 881(b)(1988).

[19]    The Commonwealth Court has declined to apply the Rules when they conflict with the Forfeiture Act.  See $1,800 U.S. Currency, 679 A.2d 275, 277 (Pa.Cmwlth. 1996) (where the Commonwealth's notice complied with the notice requirements of the Forfeiture Act, there was no error premised on the notice failing also to comply with the Rules); Commonwealth v. 542 Ontario Street, Bethlemem, PA 18015, 989 A.2d 411, 415-16 (Pa.Cmwlth. 2010) (holding that where the Forfeiture Act differed from the Civil Rules, the Forfeiture Act would apply).

the trial courts without guidance or procedure for any issue not addressed by the Forfeiture Act which may arise in the course of forfeiture proceedings.[20]

In reaching this conclusion, we respectfully reject the Plurality's assertion that because forfeiture proceedings are begun by petition, they are not civil proceedings subject to the Rules. There is no authority to support this conclusion; rather, the civil nature of the proceeding brings forfeiture squarely within the ambit of the Rules when there is no conflict with the specific procedure of the Forfeiture Act, notwithstanding the technical differences between a complaint and petition.

The second issue before us is whether the Plurality erred in holding that Section 6802(i) mandates a hearing before property is forfeited regardless of the existence of factual disputes. This subsection provides that, "upon the filing of a claim for the property setting forth a right of possession, the case shall be deemed at issue and a time shall be fixed for the hearing." Pursuant to this plain language, upon a property owner's filing of a claim setting forth a right of possession, a time for a hearing shall be

---

[20] We further note that there is merit in the Commonwealth's argument that the Plurality has called into question the Commonwealth Court's jurisdiction over civil forfeiture proceedings by characterizing them as criminal. Section 762(a)(1)(ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(1)(ii), provides exclusive appellate jurisdiction in the Commonwealth Court of all civil proceedings by the Commonwealth government. By providing that the Commonwealth is the plaintiff in *in rem* forfeiture proceedings, jurisdiction over the matter lies in the Commonwealth Court. See Commonwealth v. McDermond, 560 A.2d 901, 903 (Pa. 1989) (holding that "by virtue of Section 602(a) of the Liquor Code naming the Commonwealth as plaintiff in forfeiture proceedings instituted pursuant to the Liquor Code, jurisdiction over the present matter is properly vested with the Commonwealth Court."); Strand v. Chester Police Department, 687 A.2d 872, 873 n.2 (Pa.Cmwlth. 1997) (holding that because a forfeiture proceeding is a civil action, jurisdiction was proper in the Commonwealth Court).

fixed. This provision does not, however, require that a court actually follow through and hold a hearing in every case.

Although the statutory language requires the court to set a time for a hearing, this requirement is only triggered upon the property owner's filing of a claim setting forth a right to possession. Specifically, the Commonwealth must give notice to the property owner of its petition for forfeiture and the factual basis upon which the petition is based, and the property owner is required to file an answer "setting forth" his or her "title in, and right to possession of" the property within thirty days or be subject to having a decree of forfeiture entered against the property. 42 Pa.C.S. § 6802(b). Accordingly, it is only when the property owner files a claim for the property setting forth a right of possession that a hearing is contemplated; as Section 6802(j) provides, the purpose of the hearing contemplated in Section 6802(i) is, first, to allow the Commonwealth to meet its evidentiary burden "that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under Section 6801(a) or 6801.1(a)," and, second, to shift the burden onto the property owner to prove, *inter alia*, that the property "was not unlawfully used or possessed by him." 42 Pa.C.S. § 6802(j).[21] When the property owner fails to make the necessary claim to the property and to aver that he can establish his claim at the evidentiary hearing, nothing in the Act requires the fixing of a hearing date and time.

---

[21] See Commonwealth v. $4,000.00 in U.S. Currency, 49 A.3d 21, 23 (Pa.Cmwlth. 2012) ("In a forfeiture proceeding, the Commonwealth bears the initial burden of proving, by a preponderance of the evidence, a nexus between the property sought to be forfeited and a violation of the [Drug] Act . . . If the Commonwealth satisfies its burden, the burden then shifts to the claimant to prove that he owns the property, that he lawfully acquired it, and that it was not unlawfully used or possessed by him." (internal citation and footnote omitted)).

Even where a property owner files an answer raising a right of possession, it does not follow that a hearing is necessarily required. The law does not mandate useless or wasteful acts. Layman v. Cont'l Assur. Co., 242 A.2d 256, 258 (Pa. 1968) (providing generally that ". . . a law should not be construed so as to result in the performance of a useless act."). As has been stated repeatedly herein, discovery is permitted in accord with the Rules of Civil Procedure in forfeiture proceedings. If at the conclusion of discovery there is no genuine issue of material fact, then there is nothing to be decided by a hearing, and it is self-evident that no hearing is required. Rather, it is precisely and for these circumstances that Rule 1035.2 exists, and it is appropriate for a court to decide a case by summary judgment. Pa.R.C.P. 1035.2 (providing that when "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense . . ." the matter should be decided by summary judgment); Stimmler v. Chestnut Hill Hospital, 981 A.2d 145, 154 (Pa. 2009) ("[T]he function of the summary judgment proceedings is to avoid a useless trial. . .").

In this respect, there is no conflict between the Forfeiture Act and Rule 1035.2, nor is there anything peculiar about the issues presented in forfeiture proceedings which make them not amenable to determination by summary judgment. Rather, applying the Rules of Civil Procedure to forfeiture proceedings allows for full discovery and disposition by summary judgment where appropriate, permitting the efficient resolution of any forfeiture matter that does not involve disputed issues of material fact.[22] As

---

[22] Our holding that summary judgment is appropriate in forfeiture proceedings is consistent with federal precedent permitting summary judgment in federal forfeiture actions brought under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 881(a)(4), on which the Forfeiture Act is modeled. See, e.g., United (…continued)

demonstrated in this instance, Appellee engaged in discovery with the Commonwealth and was not restricted in raising any issues of material fact.

In reaching this conclusion, we reject the Plurality's suggestion that a property owner's right to a jury trial under Article I, Section 6 of the Pennsylvania Constitution will be limited by permitting disposition of forfeiture by summary judgment. Our decision in One 1984 Z-28 Camaro Coupe, 610 A.2d 36, in which we concluded that a property owner is entitled to a jury trial in a forfeiture action pursuant to Article I, Section 6 of the Pennsylvania Constitution, cannot fairly be construed to guarantee such a right in the absence of a factual issue to resolve. Rather, where summary judgment is proper because of the lack of factual dispute, the right to proceed to a jury trial is foreclosed. Washington, 719 A.2d 733 (where a plaintiff failed to establish a cause of action, the constitutional right to a jury trial is not violated by dismissal of the suit); In 1984 Z-28 Camaro Coupe, 610 A.2d at 42 (McDermott, J., concurring) ("A jury trial can only be demanded where there is a disputed question of fact. The court is not required to award a jury trial in cases where there is no dispute of fact and it would be obliged to decide the case against the claimant, as a matter of law, on his petition."). See also Commonwealth v. $1,400, 667 A.2d 452, 454 (Pa.Cmwlth. 1995) (holding that the property owner was entitled to a jury trial in a forfeiture proceeding because there was

_____

(continued…)
States v. 6 Fox Street, 480 F.3d 38, 42-44 (1st Cir. 2007); United States v. Two Parcels of Real Property Located in Russell County, 92 F.3d 1123, 1129 (11th Cir. 1996); United States v. $133,420.00 in United States Currency, 672 F.3d 629 (9th Cir. 2012); United States v. 717 South Woodward St., 2 F.3d 529, 532 (3d Cir. 1993) (". . . we know of no basis for concluding that the precepts governing resolution of summary judgment motions generally are not equally applicable to summary judgment motions in forfeiture proceedings."); United States v. 3234 Washington Avenue North, 480 F.3d 841 (8th Cir. 2007).

an issue of fact regarding whether the property was subject to forfeiture); Commonwealth v. $3961.00 Cash, 1 A.3d 999 (Pa.Cmwlth. 2010) (holding that the property owner was entitled to a jury trial in a forfeiture action because there was an issue of material fact about whether the seized property was contraband).

We therefore hold that the Rules of Civil Procedure apply to forfeiture proceedings where there is no conflict with the Act. We further hold that there is no conflict barring the grant of summary judgment in a forfeiture proceeding pursuant to Rule 1035.2. Accordingly, we reverse the Commonwealth Court's order and reinstate the trial court's grant of summary judgment in favor of the Commonwealth.

Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille, Messrs. Justice Saylor and Eakin, Madame Justice Todd and Mr. Justice Stevens join the opinion.