**COMMONWEALTH of Pennsylvania**

v.

**$3961.00 CASH, and other Property.**

**Appeal of: Rajshi Cox.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 16, 2010.

Decided July 23, 2010.

Rajshi Cox, appellant, pro se.

Thomas J. Reilly, Sr. Deputy Prosecutor, York, for appellee.

BEFORE: COHN JUBELIRER, Judge, McCULLOUGH, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McCULLOUGH.

Rajshi Cox (Cox) appeals *pro se* from the February 27, 2009, order of the Court of Common Pleas of York County (trial court) granting the Commonwealth's petition for forfeiture of property under the act commonly known as the Controlled Substances Forfeiture Act (Forfeiture

Act), 42 Pa.C.S. §§ 6801–6802. For the reasons that follow, we vacate and remand.

On April 25, 2008, York City Police Officer William Wentz and members of the York County Drug Task Force executed a search warrant at 709 West Market Street. At the time, Cox, George Hernandez, and an unidentified woman were in the apartment. During the search, officers found ten grams of crack cocaine, a crack cocaine pipe, $3961.00 in cash, and a loaded, nine millimeter automatic pistol. The officers also seized a Sony Playstation II, an RCA television, a Dell laptop computer, four watches, a ring, a wristband, and a bracelet. Officers charged Cox and Hernandez with possession with intent to deliver cocaine and criminal conspiracy.

In September 2008, the Commonwealth filed a petition for forfeiture, alleging that the cash and property seized represent income from a drug transaction and that the property seized was used to facilitate a drug transaction. Cox filed an answer denying those assertions and demanding a jury trial. By order dated February 2, 2009, the trial court scheduled a hearing on the Commonwealth's forfeiture petition for February 27, 2009.

At the start of the hearing, Cox indicated that he had intended to call his wife as a witness and did not know why she was not present; however, Cox stated that he was ready to proceed. (N.T. at 2.) The first witness called was Officer Wentz, who testified that: the cocaine was discovered in Cox's bedroom; the cash seized was found in the pocket of a pair of pants, also in Cox's bedroom; the pistol was removed from a living room chair; and the crack cocaine pipe was sitting on a window ledge. (N.T. at 4–5.) Wentz stated that Cox was cooperative; according to Wentz, Cox admitted that he sells cocaine and that the

cash in his pants was proceeds from those sales. (N.T. at 6.)

Cox acknowledged that he pled guilty to possession with intent to deliver cocaine on October 23, 2008, and received a sentence of five-to-ten years. (N.T. at 16.) Cox also admitted that he was using drugs. However, Cox denied that the money and property were derived from illegal activity. Instead, he stated that the drugs and property seized were purchased with money he lawfully earned from his own business. Cox submitted several documents to support that assertion, including a 2007 federal tax return, a vendor display card, and a city registration form in the name of "Harlem Fashions." (N.T. at 17–18; Respondent's Exhibit 2.) After completing his testimony, Cox noted again that he had expected his wife to testify on his behalf; he did not elaborate on what she might have said. (N.T. at 25–26.)

At the conclusion of the hearing, the trial court issued its ruling, finding that the Commonwealth sustained its burden of proving that the items seized were subject to forfeiture and ordering the cash and property forfeited to the Commonwealth. (N.T. at 28.) Cox appealed, arguing that: (1) the Commonwealth did not meet its burden of proof in the forfeiture proceeding; (2) the trial court erred by not granting him a jury trial; (3) notice of the hearing did not afford him a sufficient amount of time to prepare a defense; and (4) the Constitution requires that counsel be provided in forfeiture proceedings.

The trial court issued a memorandum opinion on May 13, 2009, in support of its February 27, 2000, order. Citing Cox' guilty plea to the charge of possession with intent to deliver the drugs seized from his residence and the testimony of Officer Wentz, the trial court concluded that the Commonwealth had satisfied its burden of

proof in this case.[1] The trial court acknowledged that Cox was entitled to a jury trial under the Forfeiture Act; however, the trial court stated that Cox failed to renew his request for a jury at the scheduled hearing and concluded that Cox had not been sufficiently proactive. In addition, the trial court rejected Cox' assertion that he did not have adequate time to prepare a defense, noting that the order to show cause why forfeiture should not be granted was issued in September, several months before the February hearing, and that Cox did not request a continuance. Addressing Cox' final contention, the trial court explained that, in *Commonwealth v. $9,847.00 U.S. Currency*, 550 Pa. 192, 704 A.2d 612 (1997), our Supreme Court held that indigent claimants in civil forfeiture proceedings are not entitled to appointed counsel.

■ On appeal to this court,[2] Cox again raises these four issues.[3] We first address Cox' assertion that the trial court erred in failing to provide him a jury trial.

■ Pursuant to Article I, Section 6 of the Pennsylvania Constitution, a property owner is entitled to a jury trial in a forfeiture action where there is an issue of fact as to whether the property seized is contraband. *Commonwealth v. One 1984 Z–28 Camaro Coupe*, 530 Pa. 523, 610 A.2d

36 (1992); *Commonwealth v. $1400 in U.S. Currency*, 667 A.2d 452 (Pa.Cmwlth.1995). In this case, although Cox requested a jury trial in his answer to the Commonwealth's forfeiture petition, the trial court scheduled a hearing instead. After the trial court issued its ruling from the bench, the following exchange took place:

[Cox]: Do I have a right to a trial?

The Court: Not at this point in time, no. You just received your trial.

[Cox]: I just received my trial?

And you all proceeded without me having my discovery. You all didn't let me know I just had a trial. I thought this was a hearing.

The Court: It's a hearing. It's your trial.

[Cox]: Nobody told me this was a trial. Hearing and trial is two different things I'm thinking.

The Court: My Order was on the 2nd day of February, 2009, it was ordered that the hearing on the Commonwealth's [petition] for forfeiture was scheduled for today's date. At that time testimony shall be taken and argument shall be heard.

[Cox]: But it said nothing about a trial.

The Court: That's exactly what this is, is a hearing.

\* \* \*

---

1. To support a forfeiture, the Commonwealth bears the initial burden to establish, by a preponderance of the evidence, a nexus between the property seized and a violation of The Controlled Substance, Drugs, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, as *amended*, 35 P.S. §§ 780–101–780–144. *Commonwealth v. Three Hundred Ten Thousand Twenty Dollars*, 894 A.2d 154 (Pa. Cmwlth.2006).

2. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v.*

*$11,600.00 Cash, U.S. Currency*, 858 A.2d 160 (Pa.Cmwlth.2004).

3. Although Cox now acknowledges our Supreme Court's decision in *Commonwealth v. $9,847.00 U.S. Currency*, 550 Pa. 192, 704 A.2d 612 (1997), he asserts that this case was wrongly decided. However, as an intermediate appellate court, we are bound by the decisions of the Pennsylvania Supreme Court and are powerless to rule that decisions of that court are wrongly decided and should be overturned. *Griffin v. Southeastern Pennsylvania Transportation Authority*, 757 A.2d 448 (Pa.Cmwlth.2000).

The Court: Sir, that's something you should have raised with me prior to proceeding with the hearing. I asked you whether or not you were ready to go. You said yes. Okay. All right.

(N.T. at 28–30.)

Cox argues that, after setting forth a demand for a jury trial in his answer to the Commonwealth's forfeiture petition, he was not required by statute or case law to make the same request orally before the trial court. We agree; the trial court erred in concluding that Cox waived his right to a jury trial by failing to renew his request and by participating in the hearing.

 However, in response to Cox' assertions, the Commonwealth contends that Cox waived his right to a jury trial pursuant to Pa. R.C.P. No. 1007.1(c)(2) because Cox admits in his brief that he was unprepared for trial at the time of the hearing and he admitted at the hearing that his witness was not present. In relevant part, Rule 1007.1(c)(2) provides that a party's demand for a jury trial shall be deemed to be withdrawn if, at the time the case is called for trial, the party, without satisfactory excuse, fails to appear or appears but is not ready to proceed. Contrary to the Commonwealth's representations, Cox complains in his brief that the February 2, 2008, notice of the hearing to be held twenty-five days later and the failure of the Commonwealth to provide him discovery made it impossible for him, as a *pro se*

litigant, to prepare a proper defense. We cannot agree that this amounts to an admission by Cox that falls within Rule 1007.1(c)(2), i.e., an admission that he was not prepared when the case was called for trial. Similarly, we cannot agree with the Commonwealth that Cox was not ready to proceed at the hearing merely because the witness he expected did not appear. Indeed, the record belies this assertion. Thus, we reject the Commonwealth's argument that Cox waived his right to a jury trial pursuant to Rule 1007.1(c)(2).

Having concluded that Cox did not waive his right to a jury trial, we vacate the trial court's February 27, 2009, order granting the Commonwealth's forfeiture petition, and we remand this matter to the trial court to afford Cox a jury trial.[4]

### ORDER

AND NOW, this 23rd day of July, 2010, the order of the Court of Common Pleas of York County (trial court), dated February 27, 2009, is vacated, and this matter is remanded to the trial court to afford Rajshi Cox a jury trial.

Jurisdiction relinquished.

---

4. Because we conclude that Cox is entitled to a jury trial, we need not address his remaining arguments concerning the sufficiency of the Commonwealth's evidence and the adequacy of notice of the hearing.