J. S17004/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
          Appellee    :
   :
       v.    :
   :
TIMOTHY ALBERT RODENIUS,    :
   :
          Appellant    :    No. 147 WDA 2014

Appeal from the Order Entered January 6, 2014
In the Court of Common Pleas of Armstrong County
Criminal Division No(s).: CP-03-CR-0000529-2012

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
          Appellee    :
   :
       v.    :
   :
TIMOTHY ALBERT RODENIUS,    :
   :
          Appellant    :    No. 310 WDA 2014

Appeal from the Order January 29, 2014
In the Court of Common Pleas of Armstrong County
Criminal Division No(s).: CP-03-CR-0000529-2012

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JUNE 12, 2015**

*Pro se* Appellant, Timothy Albert Rodenius, appeals from the January

6, 2014 order granting the Commonwealth's motion for forfeiture and

destruction of his personal property seized in connection with the underlying

---

[*] Former Justice specially assigned to the Superior Court.

case and the January 29, 2014 order granting the public defender's motion to withdraw. Appellant contends he is entitled to appellate counsel and the court erred by granting the Commonwealth's concomitant motion. We affirm on the basis of an untimely Pa.R.A.P. 1925(b) statement.

It is unnecessary for us to review the facts underlying Appellant's convictions for sexual abuse of children[1] and child pornography,[2] although we note he pleaded guilty on May 28, 2013. After a successful motion to modify sentence, the court resentenced Appellant on July 1, 2013 to a sentence of 164 to 294 days' imprisonment and he was released that day, having served his maximum sentence.

On August 19, 2013, while represented by private counsel retained for his criminal case, Appellant filed a *pro se* motion for return of his property.[3] That same day, the Commonwealth filed a motion for forfeiture[4] and destruction under a separate caption and docket number. **See In re: Evidence Seized In Re: Commonwealth v. Rodenius**, CP-03-MD-0000238-2013 (C.C.P. Armstrong Aug. 19, 2013) ("**In re Evidence**"). On

---

[1] 18 Pa.C.S. § 6312(b).

[2] 18 Pa.C.S. § 6312(d).

[3] As set forth below, the court should have forwarded Appellant's *pro se* motion to his private counsel. **See** Pa.R.Crim.P. 576(A)(4).

[4] The motion did not set forth a statutory basis for forfeiture. The Commonwealth, in its appellate brief, identified 18 Pa.C.S. § 3141 as the basis for forfeiture.

January 3, 2014, the court held a hearing on both motions, with Appellant's privately-retained counsel representing Appellant's interests. On January 6, 2014, the court granted the Commonwealth's motion and docketed the order in the **In re Evidence** case. The court, however, did not enter an order resolving Appellant's *pro se* motion for return of property.

On January 7, 2014, in the instant case, Appellant's privately-retained counsel filed a petition to withdraw due to the deterioration of the attorney-client relationship. Pet. to Withdraw as Counsel, 1/7/14, at 2. On January 16, 2014, Appellant filed a petition to proceed *in forma pauperis*, which the court granted on January 21, 2014.

On January 16, 2014, Appellant also filed a motion to appoint counsel. The court granted Appellant's motion on January 21, 2014, and appointed the public defender's office as Appellant's counsel. On January 29, 2014, the public defender's office filed a motion to vacate court appointment. The public defender reasoned that pursuant to, *inter alia*, **Commonwealth v. $9,847.00 U.S. Currency**, 704 A.2d 612 (Pa. 1997) ("**Currency**"), a defendant is not entitled to court-appointed counsel for a motion for forfeiture. Mot. to Vacate Ct. Appointment, 1/28/14, at 1. The court agreed and granted the motion on January 29, 2014. Counsel formally withdrew on January 30, 2014.

Meanwhile, on January 16, 2014, in the instant case, Appellant filed a *pro se* notice of appeal from the January 6, 2014 order filed in the **In re**

***Evidence*** case.[5]  Appellant also filed a *pro se* motion for reconsideration of the January 6, 2014 order, which the court denied on January 21, 2014.

Also on January 21, 2014, the court ordered Appellant to comply with Pa.R.A.P. 1925(b) by February 11, 2014; the order was served on both Appellant and the public defender's office—before the court granted permission to withdraw.  The court docketed Appellant's *pro se* Pa.R.A.P. 1925(b) statement on February 18, 2014.  We note that Appellant's Rule 1925(b) statement is dated February 10, 2014.  The record does not include any "United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form," as referenced in Pa.R.A.P. 1925(b)(1).

Instantly, despite the procedural wrinkles in this case, no party disputes that Appellant is appealing from the January 6, 2014 order docketed in ***In re Evidence***, which granted the Commonwealth's motion for forfeiture.  Accordingly, we next address whether Appellant is entitled to appointed counsel.[6]

In ***Commonwealth v. Wingait Farms***, 690 A.2d 222, 226 (Pa. 1997), our Supreme Court addressed whether a forfeiture under the

---

[5] Appellant's *pro se* notice of appeal referenced the instant CP-03-CR-0000529-2012 docket number and a January 6, 2014 order, which exists only in the ***In re Evidence*** case.

[6] We consider it prudent to address this before resolving whether, while acting *pro se*, Appellant timely complied with Pa.R.A.P. 1925(b).

Controlled Substances Forfeiture Act[7] was civil or criminal in nature, and

"whether the forfeiture was so punitive that it may not be viewed as civil in

nature":

> The [Controlled Substances Forfeiture Act] statute [addressing forfeiture] provides that the proceedings are in rem, and in rem forfeitures have traditionally been viewed as civil. . . .
>
> Next, we consider whether the forfeiture was so punitive as to become criminal in effect or purpose. The United States Supreme Court has considered such factors as (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Id.* (citations omitted).

In *Currency*, the Commonwealth filed a petition for civil forfeiture

under 42 Pa.C.S. § 6801(a)(6)(i)(A)-(B), which essentially states that

currency traceable to a violation of the Drug Act is subject to forfeiture.

*Currency*, 704 A.2d at 614. The *Currency* Court held that a defendant is

not entitled to appointed counsel, reasoning as follows:

> the property interest at stake commands a lesser level of due process protection; the government interest in deterring illegal drug activity by confiscating the profits

---

[7] 42 Pa.C.S. §§ 6801-6802.

> therefrom is significant; and the risk of an erroneous decision is minimal due to both [the defendant's] guilty plea to various drug offenses and to the location of the currency when found. Thus, the [***Mathews v. Eldridge***, 424 U.S. 319 (1976)], factors alone weigh against a finding of a right to the appointment of counsel in this case. . . .

***Id.*** at 616.

In this case, involving a forfeiture pursuant to 18 Pa.C.S. § 3141, we hold, similar to the ***Wingait Farms*** Court, that the forfeiture statute is civil in nature. Although no statutory language in Sections 3141 to 3144 defines the instant forfeiture action as *in rem* in nature, ***cf.*** 42 Pa.C.S. § 6802, such actions have been traditionally construed as civil under common law. ***See Wingait Farms***, 690 A.2d at 224-25. Section 3141 also encourages rehabilitation by removing property that facilitated the defendant's criminal conduct. ***See*** 18 Pa.C.S. § 3141. We also conclude the forfeiture was not so punitive as to be criminal in effect or purpose. ***See Wingait Farms***, 690 A.2d at 226. Although the sanction, which we acknowledge is in the Crimes Code, promotes deterrence and results from criminal behavior, forfeiture of personal property has not been historically perceived as punishment and Section 3141 lacks a scienter element. ***See id.*** Accordingly, because Section 3141 forfeiture is civil in nature, it follows Appellant is not entitled to appointed counsel. ***See Currency***, 704 A.2d at 616. The property interest is given less due process protection, the government has an interest in deterring sexual offenses, and the risk of an erroneous decision is minimal

because Appellant pleaded guilty and the goods at issue were at the crime scene. ***See id.***

Having concluded Appellant does not have a right to appointed counsel, we ascertain whether we may address his issues on appeal. Rule 1925(b)(1) follows:

> (1) *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and **shall be complete on mailing if** appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). . . .

Pa.R.A.P. 1925(b)(1) (emphasis added).

In this case, the record does not contain any "United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form" from which this Court can determine whether Appellant's Rule 1925(b) statement was timely placed in the mail for filing with the trial court. ***See*** Pa.R.A.P. 1925(b)(1). Because the record does not contain any document upon which the "date of deposit [into the mail] can be verified," and the Rule 1925(b) statement was docketed on February 18, 2014, after the deadline, we hold Appellant has waived his issues on appeal. ***See Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa. Super. 2011).

Orders affirmed.

J. S17004/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015