# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 631 C.D. 2012 |
| | : | Argued: February 10, 2016 |
| The Real Property and Improvements | : | |
| at 2338 N. Beechwood Street | : | |
| Philadelphia, PA 19132 | : | |
| | : | |
| | : | |
| Appeal of: Takeela Burney | : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
 HONORABLE RENÉE COHN JUBELIRER, Judge
 HONORABLE ROBERT SIMPSON, Judge
 HONORABLE P. KEVIN BROBSON, Judge
 HONORABLE PATRICIA A. McCULLOUGH, Judge
 HONORABLE ANNE E. COVEY, Judge
 HONORABLE MICHAEL H. WOJCIK, Judge

**OPINION BY JUDGE BROBSON**                    **FILED:  March 15, 2016**

On remand from the Supreme Court of Pennsylvania,[1] we consider for a second time the appeal of Takeela Burney (Claimant) from the March 14, 2012 Order of the Court of Common Pleas of Philadelphia County (trial court), granting the Forfeiture Petition of the Commonwealth of Pennsylvania (Commonwealth) pursuant to what is commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act).[2]  For the reasons set forth below, we will vacate the trial court's order and remand the matter to the trial court for a new hearing.

---

[1] *Commonwealth v. 2338 N. Beechwood St.*, 114 A.3d 1036 (Pa. 2015) (mem.) (per curiam) (Remand Order).

[2] 42 Pa. C.S. §§ 6801-6802.

The background of this matter, as recounted in our prior opinion, is as follows:

On July 26, 2011, the Commonwealth filed the [Forfeiture] Petition against 2338 N. Beechwood Street, Philadelphia, Pennsylvania (the Property), seeking forfeiture of the Property on several grounds; however, those relevant to this appeal are: (1) an alleged controlled purchase of crack cocaine for $20.00 between a confidential informant and two individuals, Kalisha Byrd and Frank Burney, occurred at the entry of the Property on May 6, 2010; (2) a search warrant executed at the Property on May 7, 2010 that resulted in the seizure of controlled substances and U.S. currency; and (3) the May 7, 2010 arrests of Frank Burney, Kalisha Byrd and Tob Martin pursuant to the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[3]

Claimant did not file an Answer to the [Forfeiture] Petition, and neither Claimant nor the Commonwealth filed interrogatories or conducted discovery. On March 13, 2012, a hearing on the [Forfeiture] Petition took place before the trial court. At the hearing, the Commonwealth presented the testimony of Officer Eugene Kittles (Officer) of the Philadelphia Police Narcotics Division. Officer testified that on May 6, 2010, he met with a confidential informant who was given $20.00 of prerecorded buy money with instructions to purchase crack cocaine at the Property. Officer stated that after going to the Property and coming into contact with Kalisha Byrd, who had exited the Property, the confidential informant engaged Kalisha Byrd in conversation and gave her the $20.00. Officer testified that Kalisha Byrd returned to the Property and came into contact with Frank Burney. Frank Burney handed Kalisha Byrd items that were later tested by the Philadelphia Police Narcotics Division in the presence of

---

[3] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 to -144.

Officer and a colleague, which were determined to be two vials containing crack cocaine.

Officer further testified that, on the following day, May 7, 2010, he and a colleague returned to the area near the Property to conduct surveillance, where they observed two females and three males approach the Property and meet with Kalisha Byrd separately; each time Kalisha Byrd would exit the Property the unknown individuals would hand her U.S. currency, and she would briefly return and hand items to the unknown individuals. Officer stated that, later that day, he and two other officers executed a search warrant at the Property whereupon they: (1) confiscated fifteen jars of marijuana, empty jars, and $35 in U.S. currency from Tob Martin in the middle bedroom; (2) arrested Tob Martin; (3) found a photograph of Kalisha Byrd and Frank Burney and a Verizon phone bill containing Frank Burney's name and the address of the Property; (4) confiscated a bag containing a quarter ounce of cocaine and 24 vials of crack cocaine in the basement; and (5) confiscated $237 in U.S. currency from the living room. Officer stated that all of the confiscated drugs tested positive for cocaine base and marijuana. Officer noted that Kalisha Byrd and Frank Burney were arrested on a bus as they were nearing the 1700 block of 19th Street, apparently returning to the Property, and $337 in U.S. currency was then confiscated from Kalisha Byrd.

Claimant, who is indigent, appeared pro se at the hearing. Claimant did not present witnesses, cross-examine Officer, object to testimonial or documentary evidence, or attempt to assert the innocent owner defense or other constitutional challenges that may have been available to her. When it was Claimant's turn to cross-examine Officer's testimony, the trial court prompted Claimant by asking if she had any questions for Officer. Stating that she did, Claimant proceeded to make statements rather than ask questions. The trial court told Claimant that it was not her turn to tell her story and inquired whether she had any questions to which she replied, "Not at this time."

During the hearing, the trial court identified certain documents by Exhibit numbers: C–3—property receipts;

3

C–4—chemical analysis; C–5—criminal extracts for Frank Burney, Jr. and Kalisha Byrd; and C–6—deed to 233[8] N. Beechwood Street. The Commonwealth did not formally move these documents into evidence before it rested. At the conclusion of the hearing, the trial court ordered the Property forfeited and transferred to the custody of the Philadelphia District Attorney's Office. Claimant, now represented by counsel, pro bono, timely appealed to this Court.

On April 30, 2012, the trial court issued an Order requiring Claimant to file a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (1925(b) Statement), Pa. R.A.P. 1925(b), no later than May 21, 2012. By and through counsel, Claimant timely filed the 1925(b) Statement, contending that the trial court erred in: (1) concluding that the Commonwealth established a nexus; (2) concluding that the Commonwealth sufficiently established that the Property was unlawfully used, possessed, or otherwise subject to forfeiture; (3) failing to recognize that Claimant is an innocent, lawful owner of the Property and that any unlawful use or possession was without her knowledge or consent; (4) concluding that the Property was subject to forfeiture based upon a 2004 Agreement (Agreement) because Claimant was not a party to the Agreement and the Commonwealth failed to prove that Claimant was aware of it; (5) failing to recognize that the forfeiture of the Property is constitutionally prohibited in violation of the Excessive Fines clause of Article I, Section 13 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution; (6) not ensuring that Claimant, a pro se litigant, understood that she had a right to a jury trial and that she could assert affirmative defenses to the [Forfeiture] Petition, including an innocent owner defense; and (7) not appointing counsel for Claimant.

On August 13, 2012, pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a), the trial court issued an Opinion in support of its Order granting the forfeiture of the Property. Therein, the trial court concluded that the

4

Commonwealth had met its burden to prove, by a preponderance of the evidence, "that there was a nexus between the [P]roperty seized and illegal drug activity." (Trial Ct. Op. at 9.) The trial court found that "the [P]roperty was being used to facilitate the sale of illegal drugs." (Trial Ct. Op. at 9.) The trial court determined that Claimant failed to meet her burden of proof under Section 6802(j) of the Forfeiture Act to establish, by a preponderance of the evidence, that she was an innocent owner. (Trial Ct. Op. at 10.) In addressing the alleged violations of Claimant's constitutional rights, the trial court stated that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal," and concluded that Claimant waived those issues pursuant to Rule 302(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 302(a). (Trial Ct. Op. at 11.)

The trial court rejected Claimant's argument that she should have been informed of her right to a jury trial because the trial court had no obligation to inform Claimant of such a right as "a petition for forfeiture is truly civil" and not criminal. (Trial Ct. Op. at 11.) The trial court concluded that Claimant waived any right to a jury trial because Claimant was bound by the deemed waiver of the civil rule, which states "that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty days after service of the last permissible pleading." (Trial Ct. Op. at 11 (citing Pa. R.C.P. No. 1007.1(a)).) The trial court contrasted the "deemed waiver" of Rule 1007.1(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1007.1(a), with the heightened requirements under Rule 620 of the Pennsylvania Rules of Criminal Procedure, Pa. R. Crim. P. 620, highlighting that the criminal rule contains a presumption that a defendant will proceed with a jury trial that can only be rebutted if both the defendant and the Commonwealth agree to waive this right, and if the waiver is knowing and intelligent. (Trial Ct. Op. at 12.) Reasoning that a forfeiture proceeding is quasi-criminal in nature, but civil in form, the trial court believed it was bound by the civil rule and, therefore, had

5

no obligation to inform Claimant of her right to a jury trial. (Trial Ct. Op. at 12–13.)

Regarding Claimant's failure to raise the innocent owner defense or any other affirmative defenses, the trial court stated that pro se representation does not relieve a claimant of the duty to properly raise and develop applicable claims, that "'any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing'" and that Claimant chose "'to proceed pro se and [s]he cannot expect our court to act as [her] attorney.'" (Trial Ct. Op. at 13–14 (quoting *First Union Mortgage Corp. v. Frempong*, 744 A.2d 327, 337–38 (Pa. Super. 1999)).)

The trial court dismissed Claimant's argument that counsel should have been appointed, citing *Commonwealth v. $9,847.00 U.S. Currency*, 704 A.2d 612, 616 (Pa. 1997) (holding that, in case involving the forfeiture of currency as derivative contraband, weighing of three factors enunciated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), presented little likelihood of erroneous deprivation of property and, therefore, weighed against a finding of a right to appointment of counsel). The trial court further stated that, even if Claimant had a right to counsel, Claimant never requested the appointment of counsel. (Trial Ct. Op. at 15.)

*Commonwealth v. 2338 N. Beechwood St.*, 65 A.3d 1055, 1057-61 (Pa. Cmwlth. 2013) (en banc) (*2338 N. Beechwood St. I*), *vacated and remanded per curiam*, 114 A.3d 1036 (Pa. 2015) (mem.).

In *2338 N. Beechwood St. I*, this Court vacated the trial court's forfeiture order and remanded the matter to the trial court for a new hearing. Addressing only one of the issues that Claimant raised on appeal, the Court held, as a matter of due process, that Claimant should have been advised of her right to a jury trial on the Forfeiture Petition and that any waiver of that right had to "be knowing, intelligent, and on the record." *Id.* at 1065. In so doing, we rejected the

6

trial court's view that pursuant to Rule 1007.1(a) of the Pennsylvania Rules of Civil Procedure, Claimant waived her right to a jury trial by failing to make a timely demand for the same.[4]  Relying on this Court's decision in *Commonwealth v. 605 University Drive*, 61 A.3d 1048 (Pa. Cmwlth. 2012) (plurality) (*605 University Drive I*), *rev'd*, 104 A.3d 411 (Pa. 2014), we concluded that Rule 1007.1(a) of the Pennsylvania Rules of Civil Procedure did not apply to forfeiture proceedings.  *Id.*  The Commonwealth filed a petition for allowance of appeal with the Pennsylvania Supreme Court.

While that petition was pending, the Pennsylvania Supreme Court reversed this Court's decision in *605 University Drive I*, particularly this Court's holding that the Pennsylvania Rules of Civil Procedure did not apply in forfeiture proceedings.  *See Commonwealth v. 605 Univ. Dr.*, 104 A.3d 411 (Pa. 2014) (*605 University Dr. II*).  On May 20, 2015, the Supreme Court issued its Remand Order with respect to the Commonwealth's petition for allowance of appeal in this matter:

> AND NOW, this 20th day of May, 2015, the Petition for Allowance of Appeal is GRANTED, and the order of the Commonwealth Court is VACATED.  *See Commonwealth v. 605 University Drive*, 104 A.3d 411 (Pa. 2014).  This case is REMANDED for consideration of Takeela Burney's remaining appellate issues.

---

[4] Rule 1007.1(a) provides:

> In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty days after service of the last permissible pleading.  The demand shall be made by endorsement on a pleading or by a separate writing.

Pa. R.C.P. No. 1007.1(a).

7

Following remand, the Court ordered the parties to submit status reports, describing Claimant's remaining issues on appeal. Both Claimant and the Commonwealth submitted status reports. On September 3, 2015, the Court issued an order, directing the parties to file briefs on the remaining appellate issues.

Claimant raises the following issues:[5] (1) whether the Commonwealth failed to prove a sufficient and substantial nexus between the Property and illegal drug activity; (2) whether Claimant should be considered an innocent owner under the Forfeiture Act; (3) whether the forfeiture in this case amounts to an unconstitutional excessive fine;[6] (4) whether the Commonwealth could rely on the Agreement between the Commonwealth and the prior owner of the Property to support its Forfeiture Petition;[7] (5) whether the trial court failed to

---

[5] "An appellate court's scope of review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Real Prop. and Improvements Commonly Known as 5444 Spruce St.*, 832 A.2d 396, 398 (Pa. 2003). When the appeal hinges on questions of law, however, our review is plenary. *Id.* When reviewing for an abuse of discretion, a reviewing court may examine the entire record to determine whether it supports the reasons set forth by the trial court in making its determination. *Commonwealth v. Smith*, 757 A.2d 354, 357 (Pa. 2000).

[6] The Eighth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment to the United States Constitution, provides: "Excessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted." (Emphasis added.) Nearly identical language appears in Article I, Section 13 of the Pennsylvania Constitution.

[7] While true that the Commonwealth mentions the Agreement in its Forfeiture Petition and made reference to the Agreement during the forfeiture hearing in this case, the trial court neither made any factual findings about the Agreement or relied upon it in ordering forfeiture of the Property. Accordingly, even assuming Claimant is correct that the Agreement could not be used against her in the forfeiture proceeding, no such error is apparent on the record. We, therefore, will not address this issue any further.

afford Claimant due process; and (6) whether Claimant should have been appointed counsel. For its part, the Commonwealth contends that Claimant waived her excessive fines argument and her challenge to the Agreement by failing to raise and preserve those issues before the trial court.

In considering the parties' issues and arguments, we are persuaded that we must, as we did in *2338 N. Beechwood St. I*, consider whether Claimant was afforded procedural due process in the forfeiture proceeding below. Claimant contends that the proceeding below was "fundamentally unfair and lopsided" in favor of the Commonwealth, represented by counsel trained specifically on the law applicable to civil forfeiture proceedings. Claimant, indigent and proceeding pro se, simply did not have the knowledge, training, background, and experience to know what rights she had, let alone how to assert those rights in a court proceeding. Claimant contends that under those circumstances, the trial court and the Commonwealth should have done more to advise Claimant of her rights attendant to the forfeiture proceeding in order to ensure Claimant had a *meaningful* opportunity to participate and protect her property interest. Claimant also renews her claim that she should have received court-appointed counsel.

In response, the Commonwealth contends that it complied with all of the procedural safeguards set forth in the Forfeiture Act. It provided Claimant with the form of notice required under Section 6802(b) of the Forfeiture Act, and the trial court conducted the hearing required under Section 6802(i) of the Forfeiture Act prior to issuing its order granting the Forfeiture Petition. According to the Commonwealth, "[d]ue process required nothing more." (Commonwealth Br. at 39.) The Commonwealth contends that by choosing to represent herself in the forfeiture proceeding, "[C]laimant assumed the risk that her lack of expertise and

9

legal training would prove her undoing." (*Id.* at 41.) The Commonwealth notes that the Pennsylvania Supreme Court has already held that there is no due process right to court-appointed counsel in forfeiture proceedings under the Forfeiture Act. *Commonwealth v. $9,847.00 U.S. Currency*, 704 A.2d 612, 617 (Pa. 1997).

In reply, Claimant contends that the trial court and the Commonwealth were required to do more than meet the notice requirement in the Forfeiture Act and conduct a hearing. Claimant contends that the trial court and the Commonwealth should have notified Claimant that the proceeding on March 13, 2012, was, in fact, a hearing, or trial, at which Claimant would have the opportunity to call witnesses, object to the Commonwealth's evidence, and assert defenses. Directing the Court to the hearing transcript, Claimant contends that the trial court failed to provide Claimant any assistance. The trial court did not ask Claimant if she wished to call any witnesses or offer any documentary evidence. Instead, after Claimant testified, the trial court summarily granted the Forfeiture Petition. All of this, Claimant argues, evidences a fundamentally unfair trial. (Claimant Reply Br. at 1-4.) Claimant refutes the Commonwealth's charge that Claimant "chose" to represent herself; rather, Claimant contends she had no choice, in light of her limited means and limited understanding of the legal system. Claimant does not seek an advantage from being pro se; rather, she seeks only a "level playing field." (*Id.* at 4.) Finally, Claimant argues that the facts in this case warrant a different conclusion on the issue of court-appointed counsel and that the Supreme Court's decision in *$9,847.00 U.S. Currency* was limited to the facts in that case.

As to due process, the Superior Court of Pennsylvania has observed: "[C]onsiderations of due process involve common-sense reasoning and

10

fundamental fairness. . . . [D]ue process is a flexible concept incapable of exact definition, and is concerned with the procedural safeguards demanded by each particular situation in light of the legitimate goals of the applicable law." *In re F.C. III*, 966 A.2d 1131, 1138 (Pa. Super. 2009), *aff'd*, 2 A.3d 1201 (Pa. 2010). The right to procedural due process attaches where there is an alleged deprivation of a protected property or liberty interest. *Davenport v. Reed,* 785 A.2d 1058, 1062 (Pa. Cmwlth. 2001). Although both deprivations trigger due process protections, the Pennsylvania Supreme Court has opined that "property interests are generally accorded less protection than are liberty interests." *$9,847.00 U.S. Currency*, 704 A.2d at 615.

In *$9,847.00 U.S. Currency*, the Supreme Court considered the question of whether a convicted drug offender was entitled to court-appointed counsel in a forfeiture proceeding under the Forfeiture Act, where the Commonwealth sought forfeiture of money seized from the convict's home as alleged proceeds from illegal drug transactions. Applying the test set forth by the Supreme Court of the United States in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Pennsylvania Supreme Court considered three factors in determining whether the right to counsel attached to civil forfeiture proceedings: (1) the private interest at stake; (2) the governmental interest at stake; and (3) the likelihood of an erroneous decision. With respect to the first factor, the Pennsylvania Supreme Court held that the convict asserted at most a property interest in the currency, which commanded a lesser level of due process protection. *$9,847.00 U.S. Currency*, 704 A.2d at 615. With respect to the second factor, the Supreme Court held that the government has a strong financial interest, both in terms of the proceeds from forfeiture proceedings as well as the cost of providing indigent

claimants counsel in all civil forfeiture cases. The Supreme Court also recognized the government's interest, reflected in the Forfeiture Act, "in deterring illegal drug transactions by depriving those who illegally deal in controlled substances of the ill-gotten profits of those endeavors and of the instrumentalities used in aiding violations of controlled substance laws." *Id.* at 616. With respect to the third factor, the Supreme Court found the risk of an erroneous decision in a forfeiture proceeding to be low:

> In most cases, a forfeiture proceeding will be preceded by either a criminal conviction or a guilty plea to a violation of [the Drug Act]. The present case is illustrative. The risk of erroneous deprivation of property here is particularly slight given that appellee has pleaded guilty to various drug offenses, and the property subject to forfeiture is currency found in close proximity to other evidence of illegal drug transactions, including marijuana and a scale containing cocaine residue. Furthermore, $1,250 of the currency seized was traceable directly to undercover drug transactions undertaken during Pennsylvania State Police investigations. Given the quantum of evidence in the Commonwealth's possession and given appellee's plea in the related criminal matter, there is little likelihood of an erroneous deprivation of property in this case.

*Id.* For these reasons, the Supreme Court definitively held "that there is no constitutional right to the appointment of counsel for indigent claimants in civil forfeiture matters." *Id.* at 617.

In light of this ruling by the Supreme Court, we must reject Claimant's argument that she was entitled to court-appointed counsel in the forfeiture proceeding below as a matter of due process. We acknowledge that the facts in this case are different in many ways from those on which the Supreme Court based its analysis in *$9,847.00 U.S. Currency*. The property at issue here is real property (Claimant's home), not personal property (cash). Moreover,

12

Claimant here was not charged with and thus not convicted of engaging in any illegal drug activity. We, therefore, do not foreclose the possibility that the Pennsylvania Supreme Court may conclude that under this different set of facts, court-appointed counsel to indigent claimants is an appropriate and necessary due process protection. *See 2338 N. Beechwood St. I*, 65 A.3d at 1063-64 (analyzing United States Supreme Court precedent[8] and concluding that "the forfeiture of one's home implicates the fundamental rights of 'personal security,' 'personal liberty,' and 'private property'"). Until such time, however, we are bound by the clear pronouncement of law in *$9,847.00 U.S. Currency*.

Although Claimant did not have a right to court-appointed counsel below, she nonetheless had a right to be represented by counsel, as the Pennsylvania Superior Court has acknowledged: "The right to be represented by counsel cannot be equated with the right to receive court-appointed counsel. The right to be represented by counsel in civil proceedings is one accorded to all individuals. However, all civil litigants do not have the right to court-appointed counsel." *See Weir v. Weir*, 631 A.2d 650, 657 (Pa. Super. 1993). The Commonwealth contends that Claimant was aware of her right to be represented by counsel, but *chose* to represent herself, voluntarily assuming the risk that comes with such a decision. We find no record support for the Commonwealth's position that Claimant was aware that she could be represented by counsel but chose to represent herself. To the contrary, we conclude that Claimant was not given fair notice of the right to legal representation and, if she could not afford the same,

---

[8] *See Meyer v. Nebraska*, 262 U.S. 390 (1923); *Boyd v. United States*, 116 U.S. 616 (1886).

information on where she could secure legal representation. Our Supreme Court, by promulgating Rule 1018.1 of the Pennsylvania Rules of Civil Procedure, has concluded that *every* civil defendant must be afforded such notice. Those whose property is sought by the Commonwealth through *civil* forfeiture proceedings should be entitled to nothing less.

In *605 University Drive II*, which the Supreme Court cites in its Remand Order in this case, our Supreme Court held that the Pennsylvania Rules of Civil Procedure apply to fill in the gaps in the Forfeiture Act. *605 University Drive II*, 104 A.3d at 428 ("[T]he civil nature of the proceedings brings forfeiture squarely within the ambit of the Rules when there is no conflict with the specific procedure of the Forfeiture Act, notwithstanding the technical differences between a complaint and petition.") The Supreme Court explained that "applying the Rules of Civil Procedure to forfeiture proceedings will provide guidance and regulate practice, supplying a *fair* and efficient methodology for resolution of any procedural issues that arises and is not addressed by the Forfeiture Act itself." *Id.* at 427 (emphasis added).

Section 6802(b) of the Forfeiture Act, requires the following notice to property owners:

> **(b) Notice to property owners.**--A copy of the petition required under subsection (a) shall be served personally or by certified mail on the owner or upon the person or persons in possession at the time of the seizure. The copy shall have endorsed a notice, as follows:
>
> > To the Claimant of within Described Property: *You are required to file an answer to this petition, setting forth your title in, and right to possession of, said property within 30 days from the service hereof, and you are also notified that, if you fail to file said answer, a decree of forfeiture*

> *and condemnation will be entered against said property.*

> The notice shall be signed by the Attorney General, Deputy Attorney General, district attorney, deputy district attorney or assistant district attorney.

(Emphasis added.) This notice provision essentially advises the claimant of the requirement to file an answer, the information that must be contained in the answer, and the consequences of failure to file an answer—*i.e.,* that "a decree of forfeiture and condemnation will be entered against" the property. Section 6802(b) of the Forfeiture Act.

Rule 1018.1(a) of the Pennsylvania Rules of Civil Procedure provides that every complaint in a civil matter be endorsed with a notice, called a notice to defend, in substantially the form set forth in subdivision (b) of the rule. The mandatory notice to defend differs from the statutory notice in the Forfeiture Act in one material respect. In addition to advising the defendant of the need to respond, the time period within which she must do so, and the consequence for failure to file a timely response, Rule 1018.1(b) requires the following language appear in the notice to defend:

> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBILE PERSONS AT A REDUCED FEE OR NO FEE.

> _____
> (Name)

15

_____

(Address)

_____

(Telephone Number)

Pa. R.C.P. No. 1018.1(b). The rule further requires that all courts, by local rule, "designate the officer, organization, agency or person to be named in the notice from whom information can be obtained." *Id.* No. 1018.1(c). The rule also permits courts to "require the notice to be repeated in one or more designated languages other than English." *Id.*

According to the accompanying Explanatory Comment, Rule 1018.1, particularly the portion relating to legal counsel, was drafted at the behest of the Pennsylvania Attorney General:

> New Rule 1018.1 "Notice to Defend", adopted January 23, 1975 and effective July 1, 1975, and the related amendments to the other Rules, had their origin in a request from the Attorney General for amendment to Pennsylvania's historic "Notice to Plead" rule which required the notice to be "endorsed" upon a complaint to which a responsive answer is required.

> The Attorney General suggested that the legalistic and uniformative nature of the "Notice to Plead" was inadequate in the case of "uneducated, uninformed and unsophisticated defendants" and raised due process problems, particularly in the case of Spanish-speaking minority groups who had little, if any, knowledge of the English language. . . .

> The Attorney General also suggested that, with the extension of legal aid services to practically every county of the Commonwealth under federally financed programs, the "Notice to Defend" should also note the availability of legal services or legal reference agencies. The right of indigents to representation in civil actions which lead to deprivation of "substantial rights" has been held to raise due process and equal protection questions

16

> where the court fails to assign counsel. *In re Adoption of R.I.*, 455 Pa. 29 (1973).

Pa. R.C.P. No. 1018.1 cmt.; *Laudenberger v. Port Auth. of Allegheny Cnty.*, 436 A.2d 147, 151 (Pa. 1981) ("These explanatory notes have not been officially adopted or promulgated by this Court, nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted."), *appeal dismissed*, 456 U.S. 940 (1982). Indeed, the comment notes a survey submitted by the Attorney General, revealing that in Philadelphia, the situs of the forfeiture at issue in this case, "large numbers of default judgments were entered against defendants who did not understand what was required of them *or where to turn for legal help.*" Pa. R.C.P. No. 1018.1 cmt. (emphasis added). "New Rule 1018.1 deals with all the considerations raised by the Attorney General." *Id.*

As noted above, Section 6802(b) of the Forfeiture Act does not itself require that a party facing forfeiture be advised to seek advice of a lawyer and that the party be given information about legal services agencies that may be able to offer legal services for free or at a reduced price if the party is unable to afford to hire a lawyer. Because the Forfeiture Act does not in any way address a party's important right to be represented by counsel, the provisions regarding right to counsel set forth in Rule 1018.1(b) are not in conflict with the Forfeiture Act. Moreover, providing this type of due process protection applicable to all other civil litigation will not interfere or conflict with the statutory scheme established for forfeiture proceedings. Rule 1018.1(b), therefore, fills the gap not addressed in the Forfeiture Act regarding the procedure to be followed to give notice to a claimant of the right to be represented by counsel. Because the two provisions may be

17

construed together without contradiction, we conclude that the above-quoted notice of right to be represented by counsel provision found in Rule 1018.1(b) must be included in the notice to the claimant under the Forfeiture Act pursuant to the Supreme Court's ruling in *605 University Drive II*.

Our decision here to afford Claimant the additional due process protection of notice of her right to be represented by counsel is consistent with the Pennsylvania Supreme Court's analysis in *$9,847.00 U.S. Currency*. Claimant is clearly entitled to some level of due process protection commensurate with her property interest in her home (the Property), which we balance against the government's strong interest reflected in the Forfeiture Act. Whereas providing court-appointed counsel to every indigent claimant may impose a financial burden on the government, requiring the Commonwealth to incorporate the notice of the right to counsel in its notice to claimants under the Forfeiture Act does not impose any greater burden on the Commonwealth than every other plaintiff bears in civil litigation in our Commonwealth. Finally, informing claimants of their right to be represented by counsel and where they may be able to secure legal assistance at reduced or no cost may limit the risk of erroneous deprivations of property, particularly in cases like this one, where the claimant was never convicted, let alone accused of, a crime. Such claimants, who did not receive the level of due process afforded in a criminal proceeding, deserve a fair hearing in a civil court of law.

Simply stated, affording claimants in civil forfeiture proceedings notice of a right to representation by counsel and information on where they might secure counsel at reduced or no cost places claimants in civil forfeiture proceedings on equal footing with defendants in all other types of civil proceedings

18

in the courts of common pleas. Although we do not reach the question of whether the result in this case would have been any different had Claimant secured counsel before proceeding to a hearing on the Commonwealth's Forfeiture Petition, upon review of the hearing transcript in this case, as well as the waiver arguments advanced by the Commonwealth and the trial court, we are satisfied that Claimant certainly could have benefited from representation by counsel. In the absence of the type of notice of the right to counsel afforded to all civil litigants under Rule 1018.1, we cannot conclude that Claimant made a conscious choice to proceed without counsel below. For the foregoing reasons, we vacate the trial court's forfeiture order and remand the matter to the trial court for a new hearing consistent with this opinion.[9]

P. KEVIN BROBSON, Judge

Judge Simpson concurs in result only.

---

[9] Because of our disposition, we do not reach Claimant's remaining issues (*e.g.*, substantial nexus, innocent owner, excessive fine), which go to the merits of the Commonwealth's Forfeiture Petition.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Commonwealth of Pennsylvania          :
                                      :
          v.                          :     No. 631 C.D. 2012
                                      :
The Real Property and Improvements     :
at 2338 N. Beechwood Street           :
Philadelphia, PA  19132               :
                                      :
Appeal of: Takeela Burney             :

## **O R D E R**

AND NOW, this 15th day of March, 2016, the order of the Court of Common Pleas of Philadelphia County (trial court) is hereby VACATED, and the matter is REMANDED to the trial court for a new hearing consistent with this Opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge