J-S23028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUTHER S. RYALS, JR. | : | |
| | : | |
| Appellant | : | No. 2563 EDA 2016 |

Appeal from the Order Dated August 4, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001198-2009

BEFORE:    OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 25, 2017**

Appellant Luther S. Ryals, Jr. appeals *pro se*[1] from the order denying his motion for return of property.  We affirm.

In a prior memorandum in this case, we set forth the following facts and procedural history:

> In September 2008, Appellant was arrested and charged with possession and intent to distribute a controlled substance, and possession of drug paraphernalia.  Upon his arrest, three thousand one hundred thirty-two dollars ($3,132.00) was seized from Appellant.  Specifically, Appellant avers that six hundred thirty two dollars ($632.00) cash was seized from Appellant, and an additional sum of two thousand five hundred dollars ($2,500.00) was paid by him to recover his automobile.

---

[1] Appellant is not entitled to counsel.  **See Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive,** 104 A.3d 411, 426 (Pa. 2014) ("[T]here is no constitutional right to the appointment of counsel in a forfeiture proceeding."); **Boniella v. Commonwealth**, 958 A.2d 1069, 1072-73 (Pa. Cmwlth. 2008) (*per curiam*) (holding that a claimant seeking the return of property is not entitled to counsel).

[The Commonwealth filed a petition for forfeiture.[2]] On November 17, 2008, a stipulated order ("the Stipulated Order"), signed by Douglas B. Breidenbach, Jr., Appellant's trial counsel, and James W. Staerk, Assistant District Attorney, [was entered in the forfeiture action. That order] states, in pertinent part:

> The sum of six hundred thirty two dollars ($632.00) is forfeited to the District Attorney of Montgomery County. An additional sum of two thousand five hundred dollars ($2,500.00) shall also be forfeited to the District Attorney of Montgomery County. The Pottstown Police Department shall release custody and control of one 2005 BMW 7 Series to Appellant or his authorized agent.

On October 19, 2010, Appellant was convicted and sentenced to 8½ to 20 years' incarceration.

On November 5, 2014, Appellant, proceeding *pro se*, filed a petition for return of property. A . . . hearing was scheduled before the Honorable Gary S. Silow on December 11, 2014. During the . . . hearing, the Honorable Gary S. Silow reviewed the Stipulated Order, and issued an order dated December 11, 2014, which dismissed Appellant's Petition for Return of Property as moot.

Thereafter, on April 10, 2015, Appellant filed a motion to vacate forfeiture. In said motion, Appellant sought to vacate the Stipulated Order, and have his property returned to him, arguing: (1) that he never authorized his trial counsel to sign the Stipulated Order; (2) that he was unaware of the existence of the Stipulated Order until the hearing on December 11, 2014; and (3) that his property was improperly forfeited as he was not afforded the basic due process rights of notice and an opportunity to be heard prior to forfeiture.

On April 28, 2015, [the trial court] denied Appellant's motion to vacate forfeiture, and noted that Appellant's prior motion for Return of Property was denied on December 11, 2014.

---

[2] *See Commonwealth v. Ryals (One 2005 BMW 7 Series & $632 in US Currency)*, No. CP-46-MD-0001480-2008.

*Commonwealth v. Ryals*, 1542 EDA 2015, at 1-3 (Pa. Super., Feb. 1, 2016) (unpublished memorandum) (footnotes, brackets, and citation omitted).

On May 19, 2015, Appellant filed a notice of appeal from both the December 11, 2014[3] and April 28, 2015 orders. In his appellate brief, he contended, among other things, that his right to due process was violated in the forfeiture proceeding and the court erred by denying as moot his November 5, 2014 motion for return of property because he did not agree to the joint stipulation. On February 1, 2016, this Court affirmed the trial court's orders. We deemed Appellant's claims with regard to his motions for return of property and to vacate forfeiture waived because they were not included in his Pa.R.A.P. 1925(b) statement. *Ryals*, 1542 EDA 2015, at 5.[4]

On June 21, 2016, Appellant filed a "petition/motion to have a forfeiture hearing." On June 23, 2016, the trial court ordered the Commonwealth to respond to Appellant's petition within ten days.[5] On

---

[3] Although it appeared that the notice of appeal was untimely with regard to the December 11, 2014 order, we deemed the appeal timely based on Appellant's claim that he did not receive the order until May 1, 2015. *Ryals*, 1542 EDA 2015, at 3-4, 5.

[4] In his Rule 1925(b) statement, Appellant challenged only the legality of his sentence. *Ryals*, 1542 EDA 2015, at 5.

[5] The Commonwealth avers that it filed a timely response on July 5, 2016. The Commonwealth has included a copy of this time-stamped response in the reproduced record; however, the response does not appear on the

July 15, 2016, Appellant filed a motion entitled "Return of Defendant's Property for the Commonwealth has failed to Timely Respond to the Court Order for Forfeiture Hearing." On August 4, 2016, the trial court denied Appellant's July 15, 2016 motion, explaining:

> This Court recognizes its June 23, 2016 Order directing the Commonwealth to file an Answer to Defendant's June 21, 2016 Petition/Motion to Have a Forfeiture Hearing and the Commonwealth's failure to file a timely response. That said, the issue of the return of forfeited property has already been litigated and disposed of by the Superior Court (No. 1542 EDA 2015). Therefore, Defendant/Petitioner's petition is deemed moot.

Order, 8/4/16. Appellant filed a timely notice of appeal.

In this appeal, Appellant raises the following issues:

> Did the Court of Common Pleas err when it failed to grant the Appellant a Forfeiture Hearing[?] Specifically, but not limited to, before the seizure of the property/currency belonging to the Appellant?

> Did the Court of Common Pleas err when it mistakenly intertwined the specific meaning, in difference, of the Appellant's Motion for Return of Property with his motion for a Forfeiture Hearing?

> Did the Court of Common Pleas fail to grant relief to the Appellant and rule in his favor, when it was apparent that the Commonwealth failed to respond to the Court's ORDER in a timely manner?

Appellant's Brief at 5.

---

docket or in the certified record. The existence and timing of the Commonwealth's response is not material to the disposition of this appeal.

"[T]he standard of review applied in cases involving petitions for forfeiture and motions for the return of property is for an abuse of discretion." **Beaston v. Ebersole**, 986 A.2d 876, 880 (Pa. Super. 2009) (citation omitted).

Appellant's issues concern the procedure whereby his property was forfeited. First, he complains that he was not provided due process during the forfeiture proceeding. Second, he argues that his November 5, 2014 motion for return of property should not have been denied as moot based on the stipulation in the forfeiture case. Finally, he argues that the trial court should have returned his property based on the Commonwealth's failure to respond to his June 21, 2016 motion.

The trial court found that, notwithstanding the Commonwealth's failure to file a timely response, Appellant was not entitled to relief because the issue of the return of his property had already been litigated. We agree.

This Court recently explained:

The law of the case doctrine expresses the practice of courts generally to refuse to reopen what has been decided. The doctrine is composed of a collection of rules that not only promote the goal of judicial economy but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

The Supreme Court of Pennsylvania has embraced this doctrine most specifically with respect to adherence to prior decisions in the same case by a higher court or by another judge of coordinate jurisdiction. But . . . the considerations that

underlie the doctrine also strongly weigh in favor of adherence by a trial judge to a decision by that same judge earlier in the case:

> Law of the case doctrine saves both litigants and the courts from duplications of effort. If permitted to argue and brief the same issue repeatedly during the course of the same litigation, some litigants would be indefatigable in their efforts to persuade or to wear down a given judge in order to procure a favorable ruling. Such use of clients' finances, legal counsels' time and energy, and judicial resources is wasteful from a systemic perspective. . . .
>
> . . .
>
> Once a matter has been decided by a trial judge the decision should remain undisturbed, unless the order is appealable and an appeal therefrom is successfully prosecuted. As a general proposition, a court should not revisit questions it has already decided.

*Bienert v. Bienert*, ___ A.3d ___, 2017 WL 3378876, at *5 (Pa. Super. Aug. 7, 2017) (quotation marks, brackets, ellipses, and citations omitted).

The first two issues Appellant raises in this appeal were previously raised in Appellant's April 10, 2015 Motion to Vacate Forfeiture, which was denied. Appellant filed an appeal from that denial, which raised the same issues, and we found he waived the issues for failure to preserve them in the court-ordered Rule 1925(b) statement. Pursuant to the law of the case doctrine, Appellant was not entitled to re-litigate these claims in a new appeal. *See Bienert*, ___ A.3d at ___, 2017 WL 3378876, at *5.

In his third issue, Appellant argues that the trial court should have ordered the Commonwealth to return his property because the Commonwealth failed to file a timely response to his motion for a forfeiture

hearing. Appellant cites no authority for the proposition that the return of property would be an appropriate remedy for the Commonwealth's alleged failure to file a timely response, and this Court has found none. Absent supporting legal authority, Appellant's argument fails to carry any persuasive weight. Having found no abuse of discretion, we affirm the trial court's August 4, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017